Argued January 10, affirmed November 21, 1974

DENTON, *Appellant, v.* INTERNATIONAL
HEALTH AND LIFE INSURANCE CO.,
*Respondent.*
528 P2d 546

*William B. Wyllie,* Salem, argued the cause for appellant. With him on the briefs was Robert L. Abel.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were James F. Spiekerman and Souther, Spaulding, Kinsey, Williamson & Schwabe.

Before McAllister, Presiding Justice, and Holman, Howell, and Bryson, Justices.

McALLISTER, J.

This is an action to recover benefits under a group accident and health policy issued by defendant. The

action was tried by the court without a jury on stipulated facts. The court entered judgment for the plaintiff for the benefits payable under the policy less the amount previously recovered from a third party together with interest, attorney fees and costs. Plaintiff appeals from the judgment "in so far as it ordered the deduction of the amount previously recovered through a guardian's release from the amount recovered by the plaintiff from the defendant" [the third party].

On July 1, 1971, Edward Denton, plantiff's six-year-old son, was struck by an automobile driven by Barbara Jean Elich and was gravely injured. Edward was a dependent child and resided in the home of his father, the plaintiff in this action.

On November 30, 1971 Edward, through the plaintiff as his guardian ad litem, sued Mrs. Elich. Plaintiff at that time consented to the inclusion in that action of his claim for medical expenses necessarily incurred because of Edward's injuries. ORS 30.810.

Subsequently plaintiff was appointed guardian of the child's estate.

On April 7, 1972 plaintiff, as Edward's guardian, petitioned the circuit court in Washington county to authorize him to settle his son's claim against Mrs. Elich. In that petition plaintiff stated that "the only funds available to recover" from Mrs. Elich were represented by an insurance policy with a $25,000 limit. Because of the gravity of Edward's injuries and the large amount of general damages he had suffered in comparison to medical expenses, plaintiff stated that a reasonable allocation of the net proceeds of the settlement would be $1,000 for the parent's release and $24,000 for the guardian's release. On April 7, 1972

the court entered an order in accordance with plaintiff's petition.

The parties stipulated that as of November 7, 1972 as the result of the injuries sustained in the accident by the child, plantiff had incurred necessary medical and hospital expenses for the care and treatment of Edward totaling $26,950.20.

At the time of the accident and subsequent thereto plaintiff's child was covered by the group accident and health insurance policy issued by the defendant to plantiff's employer Wisco-Bingham. Plaintiff was considered an insured employee under the policy while his child was an eligible dependent. The Supplemental Major Medical Benefit Coverage provided benefits equal to eighty percent of the medical and hospital expenses incurred, with a $25,000 limit on the benefits recoverable under the policy.

The defendant denied these benefits on the basis of a Third Party Agreement in the policy which read as follows:

"If an insured employee and/or *an eligible insured dependent is injured* as a result of the wrongful acts or negligence of some other party or parties, coverage hereunder shall not extend to payment of expenses incurred as a result of such injuries sustained. Provided, however, that if all reasonable efforts have been expended *by the insured person* to recover *damages* from such liable third party and no such recovery can be effected, then the coverage of this policy shall be made available with respect to expenses incurred as a result of such injuries. It is further provided that in the event of extended litigation with respect to the recovery for damages from the liable third party, the Company will advance the funds to pay coverable medical ex-

penses incurred upon receipt by the Company of a written agreement signed by the injured person *or in the event of a minor* such agreement signed by the *parent or guardian of such minor."* (Emphasis added.)

Plaintiff brought this action seeking to recover $25,000 in medical and hospital expenses incurred by him as Edward's parent. He contends that he was entitled by the terms of the policy to eighty percent of the total medical expenses of $26,950.20 less the $1,000 collected by him as the child's parent for which he gave a parent's release.

The trial court, in a memorandum opinion, held that there was no ambiguity in the meaning of "insured person". To support its finding the court looked to the "Definitions" in Section II of the policy, reading as follows:

"4. INSURED: The term 'insured' shall mean any employee or eligible dependent who is enrolled under this Policy * * *."

Applying this definition to the term "insured person" in the Third Party Agreement, the court concluded that this term referred to the plaintiff's child as the eligible insured dependent.

The court next considered whether the Third Party Agreement violated public policy and held that it did not.

Applying the rationale of *Barmeier v. Oregon Physicians' Service,* 194 Or 659, 243 P2d 1053 (1952), the court concluded that the plaintiff was entitled to recover the portion of the medical expenses provided in the policy less the amount previously recovered from the third party (Mrs. Elich). As a result, under the

Supplemental Major Medical Benefit coverage of the policy, it awarded plaintiff $5,551.83, which represented the difference between eighty per cent of the total medical expenses of $26,950.20 (or $21,560.16), less the net amount (after deducting attorney fees) recovered as general damages by Edward as consideration for the guardian's release ($16,008.33).

Plaintiff brought this action as the parent of Edward and not as guardian of his son's estate. Plaintiff contends that he, rather than his son, is the insured person referred to in the Third Party Agreement and, as such, only the $1,000 which he received from Mrs. Elich, represented by the parent's release, should be deducted from the amount which he can recover under the policy. If plantiff is not the "insured person" nor the representative of such a person, does he have a right to recover any benefits under defendant's policy? We think the primary issue in this case is whether the defendant's health and accident policy provided medical and hospital expense to the plaintiff as a parent in view of the language of both the Third Party Agreement and other pertinent portions of the policy.

█ In determining the intended coverage under an insurance contract it is well settled that the primary and governing rule of construction is to ascertain and declare the intention of the parties. *Ramco, Inc. v. Pacific Ins. Co.*, 249 Or 666, 673, 439 P2d 1002 (1968); *Farmers Mut. Ins. Co. v. United Pac. Ins. Co.*, 206 Or 298, 304-305, 292 P2d 492 (1956); *I-L Logging Co. v. Manufacturers & Wholesalers Indem. Exchange*, 202 Or 277, 317, 273 P2d 212, 275 P2d 226 (1954); *Clark Motor Co. v. United Pac. Ins. Co.*, 172 Or 145, 149, 139 P2d 570 (1943). In applying this rule the policy must be viewed by its four corners and considered as a

whole. *I-L Logging Co. v. Manufacturers & Wholesalers Indem. Exchange,* supra. Thus, all parts and clauses must be construed to determine if and how far one clause is modified, limited or controlled by others. *Farmers Mut. Ins. Co. v. United Pac. Ins. Co.,* supra; *Clark Motor Co. v. United Pac. Ins. Co.,* supra.

Applying the foregoing principles to the policy, reference must first be made to the definition of "insured" in Section II A 4 of the policy which reads: "The term 'insured' shall mean any employee *or eligible dependent* who is enrolled under this Policy and for whom the applicable premium is paid." (Emphasis added.) If this provision is considered alone, plaintiff could qualify as the "insured person" referred to in the Third Party Agreement. However, the scope of this definition is narrowed by referring to other portions of the policy under which plaintiff must rely in order to recover from the defendant. These sections include the separate endorsements containing both the Supplemental Major Medical Coverage and the Third Party Agreement. Each of these endorsements reads in pertinent part:

"This endorsement shall be attached to and be made part of Section IV, Policy No. 73451 * * *."

Section IV of the policy provides:

"BOARD AND ROOM. * * * *if an insured,* by reason of injury or illness, *shall be confined in a hospital* * * *." (Emphasis added.)

This section further provides surgical benefits:

"* * * *if an insured,* by reason of injury or illness, *undergoes a surgical operation.* * * *" (Emphasis added.)

In addition, medical benefits also are provided:

"* * * *when,* by reason of injury or illness, *an*

*insured received medical treatment by a legally qualified physician. \* \* \*"* (Emphasis added.)

■■ From the foregoing language it is clear that it was the intent of the parties to provide coverage to either the plaintiff as an employee *or* his eligible dependents *only* if either or both had suffered actual physical injury thereby necessitating medical treatment and hospitalization. Since plaintiff's eligible minor dependent was the only person who suffered actual physical injuries which required medical treatment and hospitalization, the son must be the "insured person" referred to in both the policy and the Third Party Agreement and, as such, is the only party entitled to bring an action with respect to the applicable coverage of the defendant's policy.

■ Since the plaintiff has instituted this action in his individual capacity as a parent and not as representative of his injured insured minor dependent, he has no right to benefits under the policy. In reaching this conclusion we are not persuaded by plaintiff's principal contention that the child cannot *legally* "incur" medical expenses or recover the same from a negligent third party, plaintiff must qualify as the "insured person" referred to in the Third Party Agreement. As we have pointed out, the language of the policy clearly indicates that the parties intended that the "insured person" could only be one who suffered actual physical injury, thereby necessitating medical treatment.

■ Indeed, to sanction the argument of the plaintiff, based on the use of the phrase "expenses incurred" both in the Third Party Agreement and in the Supplemental Major Medical Coverage (under which plaintiff seeks to recover) would be to hold that in the case

of an eligible insured dependent there is no coverage at all. The dependent cannot recover according to plaintiff, because being a minor, he cannot "incur" medical expenses, and his father cannot recover because, under the plain, unambiguous language of the policy, only an injured person may recover, and he is not the injured person. The word "incur" may mean "to become liable or subject to." *Earle v. Holman,* 154 Or 578, 611-612, 55 P2d 1097, 61 P2d 1242 (1936). But, on the other hand, it may mean "to cause, bring on, or occasion." *American Indemnity Company v. Olesijuk,* 353 SW2d 71 (Tex Civ App 1962) is quite like the case at bar. To the same effect is *Schwab v. Schlumberger Well Surveying Corp.,* 198 SW2d 79, 81 (Tex 1946). No rule of construction of insurance contracts in favor of the insured can be so applied as to bring about the absurd result above indicated. The phrase "expenses incurred" as used in the policy sued upon means "expenses caused or occasioned" by illness or an injury. It does not mean expenses for which the dependent is legally liable. See *Schweigert v. Beneficial Standard Life Ins. Co.,* 204 Or 294, 296-297, 282 P2d 621 (1955).

■ In *Barmeier v. Oregon Physicians' Service,* supra, this court considered the effect of a recovery from a negligent third party on a medical and hospital expense insurer's obligation in light of a similar third party agreement. There the insured sued her insurer for medical expenses incurred as a result of personal injuries sustained when she was struck by an automobile driven by a negligent third party. The third party agreement in that policy read:

"* * * [I]f the member entitled to the benefits of this contract shall be injured * * * because of the wrongful act or negligence of any other person and thereafter shall make all reasonable efforts to

recover from such other person * * *, O.P.S. will procure for the member the benefits of this contract * * *." 194 Or at 663.

This court concluded that such language required that "[the member] must use all reasonable efforts to recover from the tort feasor such amount of money as may reasonably be recoverable to defray his necessary medical and hospital expenses in that regard." 194 Or at 672.

Like the plaintiff in the instant case, *Barmeier* effected a settlement with the tortfeasor and later sought recovery for her medical expenses from the insurer on the ground that her recovery from the tortfeasor was solely in compensation for general damages and not for the medical expenses which she had incurred. This court rejected the plaintiff's attempt to characterize the nature of her recovery in such a way as would result in circumventing her express obligation under the third party agreement contained in the policy. In this regard this court stated:

"There could have been no possible reason why O.P.S. should have required plantiff to covenant to endeavor to recover from the negligent third party, except for the medical and hospital expenses made necessary by the third party's tort. Those medical and hospital expenses were the subject of the contract; it was obviously a matter of indifference to O.P.S. whether or not plaintiff should endeavor to recover from the tort feasor for her general damages, or, in fact, for anything other than her medical and hospital expenses. Plaintiff sued the tort feasor indeed, and effected a compromise settlement with him. * * * but she preferred to retain such moneys in partial compensation for her general damages. * * * No doubt the net amount which she collected was entirely inadequate to recompense her for her injuries, but the fact that she did not

choose to apply it upon her medical and hospital expenses relieved O.P.S. of all liability in the premises. This may seem to be a harsh conclusion, but it follows inevitably from our interpretation of the contract." 194 Or at 673-674.

In *Smith v. Idaho Hospital Service, Inc.,* 89 Id 499, 406 P2d 696 (1965), the Supreme Court of Idaho was confronted with circumstances almost identical to those in this case. The court relied on and quoted extensively from our decision in *Barmeier* and held that a parent of an injured child was not entitled to recover any benefits from his family's medical and hospital expense insurer because both he and the injured child's guardian had received an amount sufficient to satisfy the child's medical and hospital expenses from a compromise settlement with the negligent third party.

If the plaintiff himself had been injured *Barmeier* would clearly have applied and the entire net recovery from the third party would have been credited to the defendant's obligation under its policy. The fact that the plaintiff's eligible insured dependent was injured instead of the plaintiff does not alter the result and permit the plaintiff to avoid the express provisions of the policy and, in effect, obtain a double recovery.

Plaintiff in this action is in the same position as Mrs. Barmeier in that he is contending that most of the recovery from Mrs. Elich was received for his child's general damages and not for the hospital and medical expenses brought about by the child's injuries. As this court noted in *Barmeier,* there was no reason for the defendant insurer to require the injured insured to recover anything but medical and hospital expenses caused by the third party's negligence. This being the case, if the plaintiff in this action had

instituted an action against the defendant as guardian of his injured insured minor dependent he would still be entitled to recover no more than the difference between the net amount recovered from the negligent third party and the coverage provided by the applicable provisions of the defendant's policy.

Since the defendant has not complained about having to pay the judgment in this case it is, for the reasons stated above, affirmed.