Argued and submitted March 19, affirmed August 25, 1980

JOHNSON,
*Appellant,*

*v.*

PAIGE,
*Respondent.*

(No. A7810-16768, CA 15460)

615 P2d 1185

William B. Aitchison, Portland, argued the cause for appellant. With him on the brief was Jolles, Sokol & Bernstein, P.C., Portland.

Steven P. Jones, Portland, argued the cause for respondent. With him on the brief were Margaret H.

Leek Leiberan, and Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff is the personal representative of the Estate of Isaiah Johnson, who died after falling down the stairs of defendant's residence while a social guest there. Plaintiff's amended complaint charged the defendant with negligence:

"1. In wilfully providing and serving decedent intoxicating liquor when he knew or should have known of decedent's intoxicated state and then allowing decedent to attempt to negotiate the stairs from which decedent fell.

"2. In failing to warn decedent of the steepness and dim lighting on the steps of which decedent was unaware before allowing decedent to negotiate the stairs in a condition which defendant knew, or should have known, to be one of intoxication."

Defendant's motion to strike the allegations of negligence of plaintiff's complaint was allowed and upon plaintiff's declining to plead further, the trial court granted defendant's motion for judgment on the pleadings. Plaintiff appeals from that order. We affirm.

The apparent basis for the trial court's order was that under the circumstances alleged in the plaintiff's amended complaint the defendant owed no duty to plaintiff. Plaintiff argues that in so holding, the trial court ignored the mandate of ORS 471.410(1) of the Liquor Control Act which provides:

"No person shall sell, give or otherwise make available any alcoholic liquor to any person who is visibly intoxicated."

Plaintiff argues that ORS 471.410(1) imposes a duty on a social host not to serve alcoholic liquor to a person who is visibly intoxicated and that civil liability may be predicated upon the violation of that statute. However, in the context of the entire act and its

stated purposes,[1] it is apparent that this act was intended to regulate the commercial sale of liquor, not its furnishing in a social setting.

In *Weiner v. Gamma Phi, ATO Frat.,* 258 Or 632, 639-640, 643, 485 P2d 18 (1971), the Oregon Supreme Court held that a social host could, under specified circumstances, be liable at common law to a third party for injury caused by an intoxicated person. But, whether in a commercial or social context,[2] Oregon has never "* * * recognized a common law cause of action in favor of a person [or his estate][3] who suffers injury resulting from his or her own consumption of alcohol. *City of Portland v. Alhadeff,* 288 Or 271, 279, 604 P2d 1261 (1980); *see also Ibach v. Jackson,* 148 Or 92, 98, 35 P2d 672 (1934).

---

[1] ORS 471.030 provides:

"(1) The Liquor Control Act shall be liberally construed so as:

"(a) To prevent the recurrence of abuses associated with saloons or resorts for the consumption of alcoholic beverages.

"(b) To eliminate the evils of unlicensed and unlawful manufacture, selling and disposing of such beverages and to promote temperance in the use and consumption of alcoholic beverages.

"(c) To protect the safety, welfare, health, peace and morals of the people of the state.

"(2) Consistent with subsection (1) of this section, it is the policy of this state to encourage the development of all Oregon industry."

[2] We note that H.B. 3152, Section 2, 1979, ORS 30.955, effective July 25, 1979, provides:

"No private host is liable for damages incurred or caused by an intoxicated social guest unless the private host has served or provided alcoholic beverages to a social guest when such guest was visibly intoxicated."

The provisions of ORS 30.955, however, do not apply retroactively to the instant cause of action which accrued on October 15, 1976. This statute reaffirms our conclusion that liability is now imposed where none previously existed.

[3] The court observed in *Ibach v. Jackson,* 148 Or 92 at 98:

"There being no statute, making it an offense, and it being no offense under the common law, it becomes a question whether under the facts delineated in the amended complaint, wrongful acts by defendant have been presented upon which decedent, if living, could base an action for damages."

[1180]

While it does not appear from plaintiff's complaint whether the decedent was over or under age 21, whichever the case may be we conclude that *Alhadeff* is dispositive. In *Alhadeff,* the Supreme Court declined to recognize a common law cause of action against a commercial seller of intoxicating liquor in favor of a minor who sustained injuries as a result of having been sold intoxicants. The Supreme Court said:

"* * * [W] believe it is inappropriate to create such a common law cause of action for the benefit of the intoxicated person because Oregon had at the time in question what was known as the 'Dram Shop Act,' ORS 30.730, which provided:

"'Any person who shall bargain, sell, exchange *or* give to any intoxicated person or habitual drunkard spiritous, vinous, malt or intoxicating liquors shall be liable for all damage resulting in whole or in part therefrom, in an action brought by the wife, husband, parent or child of such intoxicated person or habitual drunkard. The act of any agent or employe shall be deemed the act of his principal or employer for the purposes of this section.'

"When the legislature has considered the liability to the inebriate's immediate family which should result from the giving of alcoholic liquor to him but has refrained from giving him a cause of action, we conclude it is probable it must have considered the matter and rejected any cause of action for him. We, therefore, consider a cause of action for his benefit inappropriate."

Here, in a social setting, the reasoning of the court in *Alhadeff* is equally applicable.

■ Plaintiff does not contend that she has alleged actionable negligence in the absence of her allegation that defendant served decedent liquor while visibly intoxicated. We note, however, that her allegation that defendant failed to warn decedent of the steepness and dim lighting on the stairs does not amount to an allegation that the stairs were negligently maintained

or could not be used safely by an ordinary person unaffected by intoxication. The trial court properly granted the motion for judgment on the pleadings.

Affirmed.