Argued and submitted October 28, 1981, reversed and remanded September 15, respondent Town Talk Lounge's reconsideration denied November 23, respondents' McClenden's and Cereghino's reconsideration allowed, former opinion adhered to (60 Or App 497, 654 P2d 1153) December 8, respondent Town Talk Lounge's petition for review allowed December 21, 1982 (294 Or 295)

SAGER,
*Appellant,*

*v.*

McCLENDEN et al,
*Respondents.*

(No. A8009-04984, CA A20085)

650 P2d 1002

Michael M. Ratoza, Portland, waived oral argument and filed the brief for appellant.

M. Robert F. Smith, Portland, argued the cause for respondents Dianna McClenden and Marge Cereghino. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

James B. O'Hanlon, Portland, argued the cause for respondent Town Talk Lounge, Inc., dba The Table. With him on the brief were Katherine H. O'Neil, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

Van Hoomissen, J. concurring.

Richardson, P. J., dissenting.

## THORNTON, J.

Plaintiff, the personal representative of the estate of Gerald Sager, who died as the result of a fall while intoxicated, brought this wrongful death action against two cocktail lounges and an employe bartender. The complaint alleged that defendants negligently served alcohol to decedent after he was visibly intoxicated. The trial court granted defendants' motion to dismiss and motion for judgment on the pleadings, finding that plaintiff failed to state facts sufficient to constitute a claim. ORCP 21. The issue is whether a person or, as here, the personal representative of his estate has a personal cause of action for negligently serving that person alcohol. We conclude that the complaint stated a cause of action and reverse.

Plaintiff's complaint makes a single allegation of negligence:

> "On or about November 12, 1979, defendants, and each of them, sold and distributed to plaintiff's decedent intoxicants after it became apparent to them that he was visibly intoxicated."

The complaint alleges that, as a result, decedent collapsed, striking his head against the ground. He died from that injury two days later.

Plaintiff brought this action under the wrongful death statute. ORS 30.020. That statute allows the decedent's personal representative to bring an action against the wrongdoer "if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission." ORS 30.020(1). We therefore treat the allegations in the complaint as if decedent himself had brought the action.

Plaintiff argues that the cause of action rests on ORS 30.950, which provides:

> "No licensee or permittee is liable for damages *incurred or caused by intoxicated patrons* off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated." (Emphasis added.)

This statute was enacted by Oregon Laws 1979, chapter 801, section 1. Section 4 of that Act repealed the Oregon "Dram Shop Act," ORS 30.730, which provided:

"Any person who shall bargain, sell, exchange or give to any intoxicated person or habitual drunkard spiritous, vinous, malt or intoxicating liquors shall be liable for all damage resulting in whole or in part therefrom, in an action brought by the wife, husband, parent or child of such intoxicated person or habitual drunkard. The act of any agent or employe shall be deemed the act of his principal or employer for the purposes of this section."

Plaintiff's decedent clearly would not have had a cause of action against his providers of alcohol under ORS 30.730. *City of Portland v. Alhadeff,* 288 Or 271, 280, 604 P2d 1261 (1980).

Plaintiff contends that, by the repeal of ORS 30.730 and its replacement by ORS 30.950, the legislature has imposed liability where none previously existed, creating a cause of action in favor of persons, such as plaintiff's decedent, who are harmed as a result of their own intoxication. The defendants, on the other hand, contend that ORS 30.950 does not broaden the liability of providers of alcohol. They argue that that statute merely places a condition on their liability under the common law which does not recognize a cause of action in favor of persons such as plaintiff's decedent. The issue presented boils down to determining the meaning of the italicized language in ORS 30.950, quoted earlier.

■ ■ We read the italicized language to mean exactly what it says, namely, that licensees or permittees are liable both for damages "incurred" by intoxicated persons as well as damages "caused by" intoxicated persons. The dissenting opinion in construing the above section appears either to overlook or disregard the word "incurred." Furthermore, the above analysis is consistent with earlier dictum by this court of this same statutory language in *Johnson v. Paige,* 47 Or App 1177, 1180 n 2, 615 P2d 1185 (1980), a case brought before the 1979 repeal of the Dram Shop Act involving a claim by plaintiff for injuries due to her own intoxication. In *Johnson* we said:

"We note that H.B. 3152, Section 2, 1979, ORS 30.955, effective July 25, 1979, provides:

" 'No private host is liable for damages incurred or caused by an intoxicated social guest unless the private host has served or provided alcoholic beverages to a social guest when such guest was visibly intoxicated.'

"The provisions of ORS 30.955, however, do not apply retroactively to the instant cause of action which accrued on October 15, 1976. *This statute reaffirms our conclusion that liability is now imposed where none previously existed.*" (Emphasis added.)

■ ■ In construing a statute, courts must ascertain and declare what is, in terms or in substance, contained therein and cannot insert what has been omitted or omit what has been inserted. ORS 174.010; *Union Pac. R. R. Co. v. Bean,* 167 Or 535, 119 P2d 575 (1941). An unambiguous statute should not be construed, but should be enforced according to its language. *State v. Young,* 74 Or 399, 145 P 647 (1915); *West Foods, Inc. v. Morgan, Orr* 16 Or App 613, 519 P2d 1062, *rev den* (1974).

Reversed and remanded.

**VAN HOOMISSEN, J.,** concurring.

While I concur with the majority, I think a comment on the dissent's legislative history is in order. When the 1979 legislation was under consideration, no trial or appellate case had yet imposed liability for injuries incurred (or sustained) by an intoxicated bar patron. Nevertheless, such a case was on the horizon. *See City of Portland v. Alhadeff,* 288 Or 271, 604 P2d 1261 (1980). Representatives of the alcoholic beverage industry undertook to secure legislative limits on their existing *and potential* liability, and that explains the use of the words "incurred by."

**RICHARDSON, P. J.,** dissenting.

I disagree with the majority's holding that ORS 30.950 creates a new cause of action for injuries sustained by an intoxicated person who was served alcoholic beverage when visibly intoxicated.

The statute, as enacted, provides:

"No licensee or permittee is liable for *damages incurred or caused by intoxicated patrons* off the licensee's or permittee's business premises unless the licensee or permittee

has served or provided the patron alcoholic beverages when such patron was visibly intoxicated." (Emphasis added.)

The majority's sole basis for finding a cause of action is the emhasized language in the statute. Under the guidance of the majority the statute now apparently reads:

"A licensee or permittee is liable for injuries *sustained* or damage caused by intoxicated patrons off the licensee's or permittee's business premises if the licensee or permittee served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

As I interpret the language of ORS 30.950, it only provides the condition under which a commercial alcoholic beverage server becomes liable to one who has a cause of action. In other words, it imposes a limitation on the liability created by judicial decisions. I arrive at this conclusion after a review of the legislative history of ORS 30.950 and the status of common law liability of alcoholic beverage servers at the time it was enacted.

The statute here involved was adopted in 1979. Or Laws, ch 801, § 1. The genesis of that legislation was HB 3152, introduced by the Oregon Restaurant and Beverage Association. Several witnesses representing various commercial alcoholic beverage servers testified in support of the bill before the House Committee on the Judiciary. The only opposition was voiced by representatives of the Oregon Trial Lawyers Association. The purpose of the bill, as stated by Representative Frohnmayer, was to retreat somewhat from the implication of certain court decisions regarding liability of beverage servers to third parties. The discussion of the bill centered around two Supreme Court cases respecting third party liability: *Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977); and *Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 587 P2d 75 (1978). It is important, in determining the legislative intent in enacting ORS 30.950, to review those two cases.

*Campbell* involved a wrongful death action against, *inter alia,* a tavern owner. The two decedents were killed by an automobile whose driver had consumed alcoholic beverages in defendant's tavern. Plaintiff's complaint alleged that the driver had been served alcoholic beverages

in defendant's tavern " 'after she had become perceptibly under the influence of intoxicating liquor' " and that they knew or should have known she would leave the tavern and drive a motor vehicle constituting an unreasonable hazard on the roadway. The court found that the complaint stated a cause of action under the common law. In reviewing the facts to determine if the allegations had been proven, the court said:

> "* * * [A] tavern keeper is negligent if, at the time of serving drinks to a customer, that customer is 'visibly' intoxicated because at that time it is reasonably foreseeable that when such a customer leaves the tavern he or she will drive an automobile. * * *" 279 Or at 243-44.

In stating the basis of liability the court rejected defendant's argument that the negligence of the tavern keeper is in allowing an intoxicated patron to drive an automobile. Liability is based on serving drinks to a patron who is perceptibly under the influence of intoxicating liquor or who is "visibly" intoxicated.[1]

*Davis v. Billy's Con-Teena, Inc., supra,* involved a wrongful death action against two tavern owners. The complaint alleged that the two taverns had each sold a keg of beer to two minors without requiring proof of age. The decedent was killed by an automobile driven by another minor who had consumed beer from both kegs, became intoxicated and drove a vehicle into decedent's car, causing his death. It was alleged that defendants were negligent in not requiring that the minors prove they were old enough to purchase the beer, as required by ORS 471.130(1).[2] The trial court sustained defendants' demurrer. The Supreme

---

[1] These terms are not necessarily interchangeable. A person may be perceptibly under the influence of liquor but not be "visibly" intoxicated. *See State v. Robinson,* 235 Or 524, 385 P2d 754 (1963); *State v. Noble,* 119 Or 674, 250 P 833 (1926).

[2] ORS 471.130(1) provided at that time:

"All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of his having reached 21 years of age, shall require such person to produce his identification card issued under ORS 471.140. However, if the person has no identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of his true age and identity."

Court held that the statute was designed for the protection of the general public as well as the minor and a violation of the statute was negligence *per se.* Accordingly, the court held the complaint stated a cause of action.

I turn now to a discussion of the legislative history of ORS 30.950.[3] As indicated, HB 3152 was drafted and presented by the Oregon Restaurant and Beverage Association. The representatives of commercial alcoholic beverage servers testified that *Davis* and *Campbell* expanded the liability of licensees and permittees to third persons to the extent that they were unable to afford the increased liability coverage premiums charged for assuming the added risk. The stated purpose of the bill was to limit the liability of licensees and permittees. As originally drafted, section 1 of the bill, which ultimately became ORS 30.950, provided that licensees and permittees would not be liable unless they were grossly negligent in serving an intoxicated patron. The House Committee on Judiciary amended the proposed bill to delete the gross negligence element. That section, as amended, became ORS 30.950. The language which the majority finds creates a cause of action for an intoxicated patron was part of the language originally proposed by the proponents of the bill.

Section 3 of HB 3152 became ORS 30.960.[4] That section was proposed and adopted to limit the holding in *Davis v. Billy's Con-Teena, Inc., supra,* and thereby to place a limit on the liability of licensees and permittees who might serve a person who is in fact under age. The statute accomplishes that purpose.

Although the proponents did not obtain all the limitations they desired, it is evident from even a casual

---

[3] The legislative history to which I refer consists of Minutes, Hearings on HB 3152, House Committee on Judiciary, June 11, 26, 27, and 28, 1979, and Minutes, Hearings on HB 3152, Senate Committee on State and Federal Affairs and Rules, June 30, 1979.

[4] ORS 30.960 provides:

"Notwithstanding ORS 30.950, 30.955 and 471.130, no licensee, permittee or social host shall be liable to third persons injured by or through persons not having reached 21 years of age who obtained alcoholic beverages from the licensee, permittee or social host unless it is demonstrated that a reasonble person would have determined that identification should have been requested or that the identification exhibited was altered or did not accurately describe the person to whom the alcoholic liquor was sold or served."

reading of the minutes of the legislative committee hearings that the purpose of the legislation, as adopted, was to limit servers' liability. Throughout the committee hearings the discussion centered on beverage servers' liability to third parties. There was no discussion or mention, during the hearings, of liability to intoxicated patrons or minors. If, as is evident, the proponents wished to limit their liability and thereby make liability coverage affordable, they certainly would not have drafted and proposed legislation which would extend their potential liability beyond that recognized at common law. Oregon has never previously recognized a common law cause of action in favor of a person who suffers injury resulting from his own consumption of alcohol. *City of Portland v. Alhadeff,* 288 Or 271, 604 P2d 1261 (1980).

The cause of action created by the majority has far reaching consequences. It takes little imagination to anticipate the vast number of claims by persons who injure themselves while intoxicated. The alarm was aptly rung by the Illinois Court of Appeals in *Holmes v. Rolando,* 320 Ill App 475, 51 NE2d 786 (1943):

> "* * * Pause, if you will and contemplate the vast number of claims that may be urged by drunks, if they were entitled to every expense and injury that are natural concomitants of intoxication. Surely, the legislature did not intend them to be compensative under the statute." 320 Ill App at 482-83.

In construing statutes we are to give effect to the legislature's intent. That intent may be easily discernible from the language of the statute. In other instances the statute may be ambiguous, or the literal language may produce a result not intended. We must then determine the legislative intent from sources other than the words of the statute. *See Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974); *Baird v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980). The legislative intent in adopting HB 3152 is evident. It was to limit liability, not to extend liability by creating a new cause of action in derogation of the common law. If the words of ORS 30.950 could be read to suggest a new cause of action, that reading should be rejected as obviously being contrary to legislative intent.