On respondents Dianna McClenden's, individually and dba Club Venus, and Marge Cereghino's reconsideration filed October 15, reconsideration allowed; former opinion filed September 15 (59 Or App 157, 650 P2d 1002) adhered to December 8, 1982

**SAGER,**
*Appellant,*
*v.*
McCLENDEN et al,
*Respondents.*

(No. A8009-04984, CA A20085)

654 P2d 1153

M. Robert F. Smith, and Fellow, McCarthy, Zikes & Kayser, P.C., Portland, for petition for Dianna McClenden, individually and dba Club Venus, and Marge Cereghino.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

In their petition for reconsideration, defendants Dianna McClenden and Marge Cereghino complain (1) that we failed to address plaintiff's second contention, namely: Oregon's new Wrongful Death Statute (ORS 30.020) prohibits imputing the comparative negligence of a decedent to the claims of the survivors and (2) that the trial court erred in granting these petitioners' motion for a judgment on the pleadings and thus

" * * * cut short application of the wrongful death statute, and effectively imputed any negligence of the inebriate to defeat the separate claims of his survivors."

Defendants McClenden and Cereghino pleaded an affirmative defense that decedent's death was caused by his own negligence in drinking intoxicants to excess. Plaintiff moved to strike that defense on the ground that plaintiff is not liable as a matter of law for any alleged negligence of her decedent. We find nothing in the judgment or judgment order, however, indicating that the trial court considered plaintiff's motion or this issue in making its decision.

As we view the record, the trial court granted defendants' motion to dismiss and their motion for judgment on the pleadings simply on the basis that plaintiff had failed to state a claim because there is no such cause of action. We cannot construe the trial court's decision as a ruling on whether ORS 30.020 prohibits imputing the negligence of a decedent to the claims of the survivors. We therefore do not consider the issue to be before this court at this time.

Petition for reconsideration allowed; former opinion adhered to.