Argued and submitted February 8, reversed and order of trial court reinstated November 15, 1983

SAGER,
*Respondent on Review,*

*v.*

McCLENDEN et al,
*Petitioners on Review,*

*and*

TOWN TALK LOUNGE, INC.,
dba THE TABLE,
*Petitioner on Review.*

(TC A8009-04984, CA A20085, SC 28997, SC 29002)

672 P2d 697

M. Robert F. Smith, Portland, argued the cause for Petitioners on Review, Dianna McClenden, individually and dba Club Venus, and Marge Cereghino. With him on the petition and brief were Fellows, McCarthy, Zikes and Kayser, P.C., Portland.

James B. O'Hanlon, Portland, argued the cause for Petitioner on Review, Town Talk Lounge, Inc., and dba The Table. With him on the petition and brief were Schwabe, Williamson, Wyatt, Moore and Roberts, Portland, and J.P. Graff and Katherine H. O'Neil, Portland.

Michael M. Ratoza, Portland, argued the cause and filed the brief for Respondent on Review.

Before Lent, C. J.,** and Peterson,*** Campbell, Roberts, Carson and Jones, Justices.

CARSON, J.

Lent, J., filed a concurring opinion.

---

** Chief Justice when case argued.

*** Chief Justice when decision rendered.

## CARSON, J.

The issue presented by this case is whether the Oregon law on Intoxicating Liquor Service, specifically ORS 30.950, authorizes a claim by an intoxicated person against a liquor licensee for off premises injuries sustained by the intoxicated person who was served alcohol while visibly intoxicated. Plaintiff, here, is the personal representative of the inebriated patron's estate. Plaintiff's decedent was fatally injured when, as a result of his voluntary intoxication, he fell down and struck his head. He died from that injury two days later. Plaintiff brought this wrongful death action against two cocktail lounges and an employe bartender, alleging that they negligently served the decedent alcohol while he was visibly intoxicated, which intoxication caused his fall and subsequent death.

The trial court granted defendants' motion to dismiss and motion for judgment on the pleadings, finding that plaintiff had failed to state facts sufficient to constitute a claim. ORCP 21. The Court of Appeals reversed, concluding that the complaint stated a cause of action under ORS 30.950. We reverse.

Oregon's wrongful death statute allows a decedent's personal representative to bring an action against the wrongdoer "if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission." ORS 30.020(1). We thus judge the allegations in the complaint as if decedent were bringing the action in his own behalf. Because this case was resolved at the pleading stage, we assume the facts well-pleaded by plaintiff's complaint are true. ORCP 21 A.(8); *Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 408, 238 P2d 780 (1951).

Oregon never has recognized a common law claim against alcohol providers in favor of a person who suffers injury resulting from his or her own intoxication. *Miller v. City of Portland,* 288 Or 271, 279, 604 P2d 1261 (1980). Nor has such a claim heretofore been provided by statute. Former ORS 30.730 (Dram Shop Act), repealed by Oregon Laws 1979, chapter 801, section 4, provided:

"Any person who shall bargain, sell, exchange or give to any intoxicated person or habitual drunkard spiritous, vinous,

malt or intoxicating liquors shall be liable for all damage resulting in whole or in part therefrom, in an action brought by the wife, husband, parent or child of such intoxicated person or habitual drunkard. The act of any agent or employe shall be deemed the act of his principal or employer for the purposes of this section."

The Dram Shop Act authorized a claim for the spouse, parent or child of an intoxicated person, but none for the intoxicated person himself. *Miller v. City of Portland, supra,* 288 Or at 280. Thus, we must now determine whether ORS 30.950, enacted by Oregon Laws 1979, chapter 801, section 1, creates a new claim in favor of an injured inebriate. ORS 30.950 provides:

"No licensee or permittee is liable for *damages incurred or caused by intoxicated patrons* off the licensee's or permittee's business premises unless the licensee or permittee served or provided the patron alcoholic beverages when such patron was visibly intoxicated." (Emphasis added.)

The resolution of this case turns on the meaning of the statutory language emphasized above.

■ When construing a statute we are bound to "ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *." ORS 174.010. When statutory provisions are ambiguous, it is our duty to interpret them in a manner consistent with the intention of the legislature as expressed in the legislative history of the statute, in the policy expressed in the enactment of other statutes, and consistent with previous decisions by this court. *Easton v. Hurita,* 290 Or 689, 694, 625 P2d 1290 (1981). ORS 174.020 provides:

"In the construction of a statute the intention of the legislature is to be pursued if possible; * * *."

The majority of the Court of Appeals found the language of ORS 30.950 unambiguous. They held the phrase "damages incurred or caused by intoxicated patrons * * *" to mean "that licensees or permittees are liable both for damages 'incurred' by intoxicated persons as well as damages 'caused by' intoxicated persons." *Sager v. McClenden,* 59 Or App 157, 160, 650 P2d 1002 (1982). We do not agree that this language creates a new claim for a person harmed as a result of his or her own intoxication.

■        The first problem concerns the word "damages." The majority below read the phrase "damages incurred" by intoxicated patrons as meaning "injuries sustained" by intoxicated patrons. While the word "damage" in the singular means loss, injury or harm resulting from an act or omission; when used in the plural, "damages" means "a compensation in money for a loss or damage." Black's Law Dictionary, 351 (5th ed 1979).

In *Denton v. International Health & Life,* 270 Or 444, 452, 528 P2d 546 (1974), we noted that the word "incur" has two meanings. It may mean "to become liable or subject to," citing *Earle v. Holman,* 154 Or 578, 611-12, 55 P2d 1097, 61 P2d 1242 (1936), or it may mean "to cause, bring on, or occasion," citing *American Indemnity Co. v. Olesijuk,* 353 SW2d 71 (Tex Civ App 1962). Applying those two meanings to ORS 30.950, we find that "damages incurred" could have at least two interpretations. It could mean, as the Court of Appeals found, injuries sustained by intoxicated persons, or it could mean damages for which intoxicated persons might be liable. This latter need not, in all cases, mean the same as "damages caused by intoxicated patrons."[1]

Because of this ambiguity within the statute, we turn now to legislative intent as found in the legislative history of ORS 30.950.[2] HB 3152, which repealed the Dram Shop Act (former ORS 30.730) and became ORS 30.950, 30.955 and 30.960, was proposed by the Oregon Restaurant and Beverage Association and supported by various commercial alcoholic beverage servers. The legislative history of ORS 30.950 indicates that its purpose was to limit the liability of liquor licensees and permittees to third parties. Commercial alcoholic beverage servers testified at hearings on HB 3152 that they were concerned about the expansion of their liability from two recent decisions of this court. The cases were

---

[1] Without deciding whether these distinctions are applicable to ORS 30.950, several examples come to mind where damages incurred, in the sense of legal liabilities incurred, would be different from actual damages caused. For example, punitive damages are legally incurred but are different from compensatory damages actually caused. So, too, actions based on indemnity, contribution, or vicarious liability can result in legal liability being incurred without the defendant having personally caused the damages.

[2] The legislative history referred to consists of Minutes, Hearings on HB 3152, House Comm. on Judiciary, June 11, 26, 27 and 28, 1979, and Minutes, Hearings on HB 3152, Senate Comm. on State and Federal Affairs and Rules, June 30, 1979.

*Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977), and *Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 587 P2d 75 (1978). Commercial alcohol servers testified that the holdings in those two cases had made liability insurance much more difficult and expensive to obtain. Minutes, House Comm. on Judiciary, June 11, 1979, Tape 85, Side 2; Minutes, Senate Comm. on State and Federal Affairs and Rules, June 30, 1979, Tape 9, Side 1. Before considering further the legislative history of HB 3152, a brief discussion of these two cases is in order.

In *Campbell,* this court held that a tavern keeper is liable to third parties who are injured in an automobile accident that results from serving a visibly intoxicated customer because it is reasonably foreseeable that when the customer leaves the premises, he or she will drive an automobile. *Campbell v. Carpenter, supra,* 279 Or at 243-44. The basis of the tavern keeper's liability is common law negligence, not violation of a statute.

In *Davis,* this court held that the operators of two taverns, who each sold a keg of beer to minors, without requiring proof of age, were liable for the death of a third party killed in an automobile accident caused by another minor who consumed beer from both kegs. The basis of liability was negligence *per se* for violation of ORS 471.130(1),[3] which makes it unlawful for a licensee to sell alcoholic beverages to anyone without requiring proof of age if there is doubt whether the customer is 21 years old. This statute was found to have been designed to protect the general public as well as minors. *Davis v. Billy's Con-Teena, Inc., supra,* 284 Or at 356.

Section 1 of HB 3152, which, as modified, became ORS 30.950, was proposed to limit the holding in *Campbell.* As originally drafted, Section 1 provided that licensees would not be liable unless they were grossly negligent in serving visibly intoxicated patrons. The gross negligence standard, however,

---

[3] ORS 471.130(1) provided at that time:

"All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of his having reached 21 years of age, shall require such person to produce his identification card issued under ORS 471.140. However, if the person has no identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of his true age and identity."

was deleted from the bill in committee. As finally approved, ORS 30.950 codified the holding in *Campbell*. The language the Court of Appeals found to create a claim for inebriated patrons is part of the original language proposed by the Oregon Restaurant and Beverage Association to limit their liability to third parties.

Section 3 of HB 3152, which became ORS 30.960,[4] was proposed to limit the holding in *Davis*. Section 3 limited the liability to third parties of licensees and social hosts who serve underage patrons, by replacing the negligence *per se* rule of *Davis* with a reasonable person standard. Section 3 was approved without major revision.

A thorough reading of the minutes of the committee hearings on HB 3152 fails to reveal a single mention of creating a claim in favor of injured patrons. Throughout the hearings, discussion centered on licensees' liability to third parties. We believe that if the legislature had intended to create a new claim, not available under the common law, there would have been some mention of it in the committee hearings. This is especially true of a type of claim as controversial as this one.

Further considerations also lead us to the conclusion that the legislature intended no new claim for patrons injured off the premises by their own intoxication. ORS 30.950 is written in a form which limits, not creates, liability. It reads: "No licensee * * * is liable * * * *unless* * * *." This language logically limits relief rather than expands it. We agree with the Court of Appeals' dissent in this case that ORS 30.950 only provides the condition under which a commercial alcoholic beverage server becomes liable to one who already has a claim. *Sager v. McClenden, supra,* 59 Or App at 162. In light of the legislative history, we, too, read ORS 30.950 as imposing a

---

[4] ORS 30.960 provides:

"Notwithstanding ORS 30.950, 30.955 and 471.130, no licensee, permittee or social host shall be liable to third persons injured by or through persons not having reached 21 years of age who obtained alcoholic beverages from the licensee, permittee or social host unless it is demonstrated that a reasonable person would have determined that identification should have been requested or that the identification exhibited was altered or did not accurately describe the person to whom the alcoholic liquor was sold or served."

limitation on the liability originally created by judicial decision.

We quote from the Court of Appeals' dissent in this case:

> "The cause of action created by the majority has far reaching consequences. It takes little imagination to anticipate the vast number of claims by persons who injure themselves while intoxicated. The alarm was aptly rung by the Illinois Court of Appeals in *Holmes v. Rolando,* 320 Ill App 475, 51 NE2d 786 (1943):
>
>> " '* * * Pause, if you will and contemplate the vast number of claims that may be urged by drunks, if they were entitled to every expense and injury that are natural concomitants of intoxication. Surely, the legislature did not intend them to be compensative under this statute.' 320 Ill App at 482-83." 59 Or App at 165.

■ We find the language "damages incurred" has at least two interpretations. We, therefore, look to the legislative intent, the logical form of the statute and to the legislative policy as expressed in other statutes to resolve the ambiguity. In light of these considerations, we hold that ORS 30.950 does not create a claim in favor of intoxicated patrons injured off premises against liquor licensees who serve them when visibly intoxicated. Accordingly, the judgment of the Court of Appeals is reversed, and the order of the trial court reinstated.

Lent, J., filed a concurring opinion.

**LENT, J.,** concurring.

I concur, but I write separately only to comment upon the reference in the court's opinion to the decision of this court in *Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 587 P2d 75 (1978). In that case the plaintiff argued that the complaint stated a cause of action for "negligence *per se*" for violation of ORS 471.130(1). Plaintiff did not argue that the violation of the statute created a right independent of the trappings of "negligence" to recover damages for injury resulting from violation of the statute, and we did not address that concept.

Were that case before us today, the analysis might well be different. *See Nearing v. Weaver,* 295 Or 702, 670 P2d 137 (1983). I have come to the conclusion that cases such as *Davis* present theories of recovery not dependent upon that of "negligence per se."