Argued and submitted April 6, reversed and remanded June 27, reconsideration denied
September 14, petition for review allowed October 9, 1984 (298 Or 68)
See 298 Or 689, 696 P2d 513 (1985)

CHARTRAND,
*Respondent,*

*v.*

COOS BAY TAVERN, INC., dba
The Sportsman Lounge,
*Appellant.*

(82-1680; CA A29055)

683 P2d 139

Lynne W. McNutt, Coos Bay, argued the cause for appellant. With him on the briefs was McNutt, Gant, McNutt & Thrush, Coos Bay.

Michael O. Whitty, Coos Bay, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action for damages for personal injuries against the defendant tavern-owner arising out of an automobile accident involving an automobile operated by a customer of the tavern and one operated by plaintiff. Defendant appeals from a judgment for plaintiff based on a jury verdict. We reverse because of errors in admitting certain evidence and in the giving of jury instructions.

The pertinent allegations of the complaint are that defendant sold and continued to sell alcoholic beverages to its customer, Coonse, "after she had become visibly under the influence of intoxicating liquor," when defendant knew or should have known that she would "leave the premises" by "operating a motor vehicle" and would thereby "constitute an unreasonable hazard of risk and harm to other persons on the public highway."[1]

On April 12, 1982, Coonse spent several hours drinking beer in defendant's tavern. She left the tavern around 10 p.m., driving her car. The accident happened about 10:10 p.m. when she collided with plaintiff's vehicle and plaintiff was injured. After the accident, Coonse admitted that she had been drinking at the tavern and she submitted to blood tests to determine blood alcohol content. The first sample was taken at 11:40 p.m. and resulted in a blood alcohol reading of 0.188 percent. The second sample, taken at 12:49 a.m., registered 0.163 percent. An expert testified that subjects with blood alcohol levels of 0.13 to 0.14 show visible signs of intoxication. Suffice it to say that there was ample evidence from which the jury could find that defendant served beer to Coonse after she was "visibly intoxicated."

During plaintiff's case in chief, a police officer related to the jury the blood alcohol test results. He then testified on direct examination:

"Q. Officer, from your experience, is there a standard that is used to determine when a person is under the influence of alcohol?

"A. The State of Oregon has defined that by law."

---

[1] The summarized allegations are essentially the same as the allegations of the complaint in *Campbell v. Carpenter,* 279 Or 237, 239, 566 P2d 893 (1977).

Defendant objected to the question "as having no bearing in this case, not a question for us." The objection was overruled, and the officer continued:

"Q. Officer, what is the standard in Oregon for being under the influence?

"A. Oregon state law says that you are under the influence if your blood alcohol level is over .10 percent."

The trial court gave a series of jury instructions that are set out in the margin in the order that they were given.[2]

Defendant contends that the officer's testimony concerning the legal standard for being under the influence of intoxicants and the instruction telling the jury that a person whose blood contains more than .10 percent by weight of alcohol is under the influence of intoxicating liquor are irrelevant to the issues in this case and constitute reversible error. The instruction objected to was requested by plaintiff on the basis of ORS 487.545.[3]

---

[2]

"Before the plaintiff can recover damages from the defendant, the plaintiff must prove that the defendant served intoxicating liquor to Elizabeth Coonse at a time when Elizabeth Coonse was visibly intoxicated.

" 'Visibly' means that which can be perceived by the eye or observed by the mind; that which is evident or manifest.

"In addition to the meaning of 'intoxicated' as it is normally understood, the dictionary defines 'to intoxicate' as to make drunk or to inebriate.

"Oregon statutes provide a person whose blood contains more than .10 by weight of alcohol is under the influence of intoxicating liquor.

"A person, when drunk or intoxicated as those terms are commonly understood, is under the influence of intoxicating liquor, but a person may be under the influence of intoxicating liquor and not be intoxicated or drunk."

[3] *Former* ORS 487.545 provided:

"(1) At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, if the amount of alcohol in the person's blood at the time alleged is less than .10 percent by weight of alcohol as shown by chemical analysis of the person's breath, blood or urine, it is indirect evidence that may be used with other evidence, if any, to determine whether or not the person was then under the influence of intoxicants.

"(2) Not less than .10 percent by weight of alcohol in a person's blood constitutes being under the influence of intoxicants."

The statute has been amended to lower the blood alcohol level standard to .08. *See* Or Laws 1983, ch 722, § 2; Or Laws 1983, ch 822, § 2.

Plaintiff's claim has its roots in *Campbell v. Carpenter,* 279 Or 237, 243-44, 566 P2d 893 (1977), where the court said:

> "* * * [W]e now adopt [the rule that], a tavern keeper is negligent if, at the time of serving drinks to a customer, that customer is 'visibly' intoxicated because at that time it is reasonably foreseeable that when such customer leaves the tavern he or she will drive an automobile."

The basis of the tavern keeper's liability in *Campbell* was "common law negligence, not violation of a statute." *Sager v. McClenden,* 296 Or 33, 38, 672 P2d 697 (1983). After *Campbell,* ORS 30.950 was enacted. Or Laws 1979, ch 801, § 1. It provides:

> "No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

In *Sager v. McClenden, supra,* the court said that "ORS 30.950 codified the holding in *Campbell* and that "[i]n light of the legislative history, we * * * read ORS 30.950 as imposing a limitation on the liability originally created by judicial decision."[4] 296 Or at 39.

ORS 30.950 sets the standard for civil liability to third parties as being "visibly intoxicated,"[5] which is not necessarily the same as being "under the influence of intoxicating liquor." The officer's testimony concerning the blood alcohol standard[6] for being under the influence of intoxicating liquor was never tied to the principal element of the alleged negligence in this case, *i.e.,* serving alcohol to a "visibly" intoxicated person. The testimony is not relevant. A similar

---

[4] *Sager v. McClenden, supra,* examines the legislative history of HB 3152, which became ORS 30.950, 30.955 and 30.960. Proponents of the legislation were concerned about the expansion of a liquor licensee's liability because of the decisions in *Campbell v. Carpenter, supra,* and *Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 587 P2d 75 (1978).

[5] The same standard appears in the Liquor Control Act. ORS 471.410(1) provides:

> "No person shall sell, give or otherwise make available any alcoholic liquor to any person who is visibly intoxicated."

[6] It appears that the officer was purporting to recite the standard for driving under the influence of intoxicants in ORS 487.540 or ORS 487.545.

difficulty is presented by the instruction. The instruction that plaintiff must prove that defendant served its customer when she was "visibly intoxicated," followed by the instruction objected to that "a person whose blood alcohol content is more than .10 percent is under the influence of intoxicating liquor," confuses two unrelated standards, and the latter is not the standard for civil liability in this action. Together, the instructions are confusing and misleading. It was error to admit the officer's testimony and to give the instruction.

■     Defendant's last contention is that the trial court erred when it gave the following instruction to the jury:

"By statute, it is the law of Oregon that no person shall sell, give or otherwise make available any alcoholic liquor to any person who is visibly intoxicated. *Anyone who violates this statute is negligent.*" (Emphasis supplied.)[7]

The court's instruction is in the language of ORS 471.410(1), quoted in n 5, *supra,* and charges that a violation of the statute is negligence *per se.* The present case was pleaded and tried as one for common-law negligence under *Campbell v. Carpenter, supra.* Therefore, the factfinder had to find that the defendant knew or should have known that the visibly intoxicated person would operate a motor vehicle. Although there was evidence in this case to support a finding that it was reasonably foreseeable to defendant that its customer, on leaving the tavern, would drive a car, the instruction complained of did not inform the jury of that additional requirement as a predicate to defendant's liability. Giving it was error. *See Stachniewicz v. Mar-Cam Corporation,* 259 Or 583, 488 P2d 436 (1971).

Reversed and remanded.

---

[7] The trial court refused to give defendant's requested instruction that:

"BEFORE the Plaintiff can recover damages from the Defendant in this case, Plaintiff must prove:

"That Defendant served intoxicating liquor to ELIZABETH LEE COONSE after COONSE was visibly intoxicated;

"And that Defendant knew or should have known that COONSE would leave the premises by operating a motor vehicle;

"And such would constitute an unreasonable risk of harm to other persons on the public highway."