**TAGAIMAMAO MASANIAI, Plaintiff**

**v.**

**APOUA AND BILL TEDRICK, d.b.a. THE COUNTRY CLUB, ASUELU TIUMALU, SAMOA ALEFOSIO and ROBERT FAIRHOLT, Defendants**

High Court of American Samoa
Trial Division

CA No. 121-95

March 4, 1997

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and
SAGAPOLUTELE, Associate Judge.

Counsel:       For Plaintiff, Jennifer L. Joneson
               For Defendants Apoua and Bill Tedrick, d.b.a. The
               Country Club, Brian M. Thompson

Order on Motion to Dismiss:

Defendants Apoua and Bill Tedrick, d.b.a. The Country Club,
("defendants") move to dismiss plaintiff's second cause of action entitled
in his complaint as "Serving Alcoholic Beverages to an Intoxicated
Individual." Plaintiff seeks to impose tort liability on the defendants
based on the factual assertions that the plaintiff sustained injuries as a
result of the defendants' serving him alcohol after he was intoxicated, in
violation of A.S.C.A. § 27.0531 (a)(2). Plaintiff alleges that on the
evening/early morning of February 25-26, 1995, he was drinking
intoxicating liquor at the Country Club, and that the Country Club's
employees allowed him to enter and then served him alcohol while he
was intoxicated. He further asserts that in the course of the evening, he
was involved in an altercation inside the Country Club and was ejected
from the premises by an employee of defendants, and that the altercation
continued outside of the Country Club in the parking lot where plaintiff
was injured. He now claims that his intoxication contributed to the cause
of his injuries. Although plaintiff has asserted four separate causes of
action, defendants are only moving to dismiss the second.[1]

## DISCUSSION

In reviewing a motion to dismiss brought pursuant to T.C.R.C.P.
12(b)(6), the complaint must be liberally construed in the light most

[1] Plaintiff's other causes of action alleged are: (1) assault and battery, (3)
common law negligence, and (4) common law negligence for failure to
render aid.

favorable to the plaintiff. *Beaver v. Cravens*, 17 A.S.R.2d 6, 8 (Trial Div. 1990).

■ Under common law, a seller of alcohol does not owe any duty based solely on the serving of alcoholic beverages to an obviously intoxicated consumer. Absent statute, no cause of action may lay against the seller of alcohol in favor of those injured by the intoxicated consumer. 45 AM. JUR. 2D *Intoxicating Liquors*, § 553 (1969 & supp. 1993). The reason often given for the rule is that it is the drinking of the alcohol, and not the furnishing of it, that is the proximate cause of the injury. *Id.*

Many jurisdictions have qualified this common law rule by enacting "dramshop acts," which give a right of action to persons injured by an intoxicated person, or in the consequence of the intoxication of any person, against the seller which caused the intoxication. *Id.* American Samoa has not adopted a dramshop act. However, the Fono has enacted A.S.C.A. § 27.0531(a) which states that "[n]o licensee may sell any alcoholic beverage to any [] person who is intoxicated at the time." Plaintiff submits that this statute creates a duty of care, which the defendants in this case breached.

Since American Samoa has not adopted a dramshop act, the question is whether A.S.C.A. § 27.0531(a)(2) creates an action wherein a commercial supplier could be held accountable for injuries to an intoxicated consumer by reason of the supplier's failure to refrain from providing liquor to that intoxicated consumer. This issue turns on the existence of a legally cognizable duty, "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." W. PROSSER & W. KEETON, THE LAW OF TORTS, § 53 at 356 (5th ed. 1986).

■ A duty may be established by a safety statute if it is intended, exclusively or in part,

      (a) to protect a class of consumers which includes the one whose interest is invaded, and

      (b) to protect the particular interest which is invaded, and

      (c) to protect that interest against the kind of harm which has resulted, and

      (d) to protect that interest against the particular hazard from which the harm results.

RESTATEMENT (SECOND) OF TORTS, § 286 (1965).

■ A.S.C.A. § 27.0531 is clearly a safety statute. The law relating to alcoholic beverages, contained within Chapter 27 of the A.S.C.A., is intended "for the protection of the health, welfare, safety and morals of

the people of American Samoa." A.S.C.A. § 27.0201. In this case the relevant provision states that "[n]o licensee may sell any alcoholic beverages to [] any person who is intoxicated at the time . . . ." A.S.C.A. § 27.0531 (a)(2). In our view, this enactment meets criteria (b), (c), and (d) of the above test. It was intended to protect the particular interest (safety) which was invaded, and to protect that interest against the kind of harm which has resulted, and to protect that interest against the particular hazard (accidents and harm from intoxicated individuals) from which the harm results. Whether the statute was intended to include the intoxicated consumer in the class of protected persons is, however, less clear on the extent of existing case law.[2] State jurisdictions are not in harmony on this issue.

While nearly all United States jurisdictions allow actions against the seller of alcohol by third parties injured by the intoxicated person, many jurisdictions favor the exclusion of the intoxicated consumer from the statutory class of protected persons. The basic premise for this view is that an intoxicated person who harms himself should be held responsible for his own actions and should not be allowed to prevail under the statute. *See e.g. Ohio. Cas. Ins. Co. v. Todd*, 813 P.2d 508, 511 (Okl. 1991). Moreover, it is said, the proverbial floodgates would overflow with suits by intoxicated consumers if they were entitled to every expense and injury that are the natural consequences of their voluntary intoxication. *See Sager v. McClenden*, 672 P.2d 697, 701 (Or. 1983).

Although the idea of making persons responsible for their own actions is immediately appealing, we believe, however, in the context of the liquor licensing law, that to disallow actions by intoxicated consumers would be to effectuate a distinction that is more appropriately accomplished by legislative action, rather than judicial fiat. If the legislature wishes to abrogate the potential civil liability of a seller of alcohol, it may expressly prohibit such liability. *See e.g.,* California Business and Professions Code, § 25602, and California Civil Code, § 1714. Our statute makes no such declaration and we will not impose one by judicial fiat.

The central consideration of subsection (a)(2)is preventing sellers from serving intoxicated persons. The fact that intoxicated persons are one of three separate classes of persons which the statute addresses (the other two being incompetents and minors) clearly reflects a legislative concern for the dangers surrounding the sale or provision of alcohol to those who cannot safely consume it. It is clear that furnishing alcohol to an

---

[2] We note that A.S.C.A. § 27.0201(a)(1) and (a)(3) similarly forbids sales of alcohol to minors and incompetents.

intoxicated person presents a risk not only to third parties who come in contact with the drunkard, but also to the drunkard himself. Therefore, we believe that, without further legislative direction on this issue, the drunkard is part of the class which the statute was designed to protect.

## CONCLUSION

Although we agree that a person who voluntarily consumes alcohol to the point of intoxication may be held responsible for his own injuries, the fact that the drunkard acted unacceptably should not lessen equally unacceptable conduct of the seller. In our view the conduct of both the drunkard and the seller should be discouraged. Insulating sellers from liability would allow them to escape accountability for their own actions.[3] Additionally, American Samoa has replaced the common law defense of contributory negligence with the notion of comparative negligence, see A.S.C.A. § 43.51.01. It would thus be more appropriate to let the fact-finder apportion comparative fault between the parties, rather than impose a judicial no-remedy rule, based more upon moral considerations, rather than on the basis of sound statutory interpretation.[4]

■ We conclude that A.S.C.A. § 27.0531(a)(2) imposes a duty on the seller of alcohol to act with reasonable care in providing alcohol to intoxicated person. We further hold that the intoxicated persons are within the protected class created by the statute. Thus, A.S.C.A. § 27.0531 creates an action wherein a commercial supplier can be held accountable for injuries to an intoxicated person occasioned by the supplier's failure to refrain from providing liquor to that intoxicated person.

Defendants' motion to dismiss plaintiff's second cause of action is denied.

---

[3] Moreover, public policy considerations would seem to favor measures which ensure responsible actions by sellers of alcohol, especially in light of their adverse pecuniary interest in continuing to serve persons so long as they are able to pay.

[4] Furthermore, our statute draws no distinctions between intoxicated persons and the habitual drunkard, the underage consumer (who, incidentally, include competent adults for most other purposes of the law), or the insane and feebleminded. Cf. A.S.C.A. § 27.0531(a)(2), and (a)(1). To allow recovery by the feeble minded and underage adults but not for intoxicated persons, on some judicially imposed criterion of blameworthiness which the legislature has not seen fit to articulate, would necessarily entail selective reasoning and embark the court on a course of policy calls more suited for legislative action.