Argued and submitted January 12, judgment vacated and remanded May 1, opinion withdrawn by order on court's own motion and case remanded to the trial court for consideration of appellant's ORCP 71 motions August 16, 1996

POWDER VALLEY WATER CONTROL DISTRICT,
a quasi-municipal corporation,
*Respondent,*

*v.*

HART ESTATE INVESTMENT COMPANY,
a California general partnership,
*Appellant,*

*and*

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,
*Defendant.*

(92-702; CA A83068)

915 P2d 1037

D. Rahn Hostetter and Thomas W. Sondag argued the cause for appellant. With them on the briefs were Jeffrey M. Batchelor, Thomas W. Sondag, Lane Powell Spears Lubersky and Mautz Baum Hostetter & O'Hanlon.

Peter A. Ozanne argued the cause for respondent. With him on the brief were J. David Coughlin, Coughlin, Leuenberger & Moon and Schwabe, Williamson & Wyatt.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant Hart Estate Investment Company (Hart) appeals from a judgment condemning its property for the use of plaintiff, Powder Valley Water Control District (District). After the judgment was entered and while the appeal was pending, Hart filed a motion with the trial court for relief from the judgment under ORCP 71 B. The trial court entered an order denying Hart's motion, and Hart also appeals from that order.[1] Hart raises six assignments of error. Because the sixth assignment of error is dispositive, we address only that assignment, set forth the facts necessary for its resolution, and reverse.

In February 1993, District filed a complaint to condemn an easement across Hart's property in order to install a buried pipeline system to deliver water to certain ranches served by District. Hart contested the action. In February 1994, the trial court, after a stipulated facts trial, entered a judgment in favor of District that provided in part:

"The acquisition hereinafter described by, and the same hereby is, appropriated and a permanent easement for an underground irrigation pipeline * * * is hereby vested in Powder Valley Water Control District."

The judgment also included a money judgment in favor of Hart for $5,000. After the judgment was entered, District tendered $5,000 directly to Hart. However, the record does not disclose that District ever tendered monies to the court either before or after the February 1994 judgment. Hart filed a notice of appeal immediately after the judgment was entered.

In December 1994, Hart filed a motion with the trial court seeking relief from the judgment under ORCP 71 B while the appeal was pending before this court. Hart argued that the judgment did not comply with the Oregon Constitution or the statutory requirements of ORS 35.325. ORS 35.325 provides:

---

[1] Defendant Hancock Insurance Company is a mortgage holder on the property owned by Hart but is not a party to this appeal.

> "Upon the assessment of the compensation by the jury, the court shall give judgment appropriating the property in question to the condemner, conditioned upon the condemner's paying into court the compensation assessed by the jury; and, after the making of such payment, the judgment shall become effective to convey the property, and the right of possession thereof to the condemner if not previously acquired."

In other words, Hart argued that the judgment on appeal was void under the language of the statute because the condemnor never tendered the amount assessed by the court to the clerk in a timely manner.

In response to the motion, District conceded that the judgment was defective but argued to the trial court that the defect affected only the form of the judgment and that the court therefore had the authority to correct the judgment under ORCP 71 A. The trial court declined to rule on the merits of the motions and instead ruled:

> "Notwithstanding the appeal of Defendant * * * from the Final Judgment entered February 8, 1994, the parties seek either to change or vacate the judgment, invoking the limited jurisdiction granted this court by ORS 19.033. [District] request[s] the judgment be 'corrected' pursuant to ORCP 71B. [Hart] * * * requests the judgment be vacated as void. This court lacks jurisdiction to do either. Accordingly, it is ORDERED that the motions are denied."

On appeal, we granted the parties leave to file amended briefs addressing the issues related to the trial court's denial of the parties' ORCP 71[2] motions. Both parties

---

[2] ORCP 71 provides in part:

"A Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected as provided in subsection (2) of section B of this rule.

"* * * * *

"B(1) On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence * * *; (c) fraud, misrepresentation, or other misconduct of an adverse party; [or](d) the judgment is void[.] * * * A motion under this section does not affect the finality of a judgment or suspend its operation.

conceded that the trial court had jurisdiction to enter orders related to the ORCP 71 motions even though the appeal was pending. Their concession is correct. ORS 19.033 governs the jurisdictional effect of filing an appeal, and ORS 19.033(5) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction to enter an order under ORCP 71 * * *."

Because the trial court had jurisdiction to rule on the parties' ORCP 71 motions, it erred by failing to rule on them.

In the light of the parties' concessions and the trial court's failure to decide the ORCP 71 motions, the remaining question is the appropriate scope of the trial court's authority on remand. ORAP 8.25 authorizes us to hold an appeal in abeyance when there is a pending ORCP 71 A or B motion. However, we choose not to exercise our authority under the rule under the circumstances of this case. Resolving the questions of the legal effect of the failure of District to pay the condemnation award into court and the timeliness of the tender may involve more than entry of an amended judgment reciting curative language. The existing judgment purports to establish a permanent easement on Hart's property. Hart points out that it is unconstitutional under Article I, section 18, of the Oregon Constitution for private property to be taken for public use without just compensation. It argues that the case law establishes that condemnation proceedings that do not strictly comply with applicable statutes are "null and void." If Hart is correct, then the proceedings after the stipulated facts trial and the judgment now on appeal could be a legal nullity. Moreover, in accordance with orderly judicial process, it is appropriate that the trial court first make a determination about the efficacy of its judgment and the underlying proceedings before we review the judgment. Under the circumstances, we conclude that we should vacate the existing judgment and remand the case.

Judgment vacated and remanded.

---

"B(2) A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court."