Argued and submitted January 12, 1996, affirmed February 12, 1997

POWDER VALLEY WATER CONTROL DISTRICT,
a quasi-municipal corporation,
*Respondent,*

*v.*

HART ESTATE INVESTMENT COMPANY,
a California general partnership,
*Appellant,*

*and*

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,
*Defendant.*

(92-702; CA A83068)

932 P2d 101

D. Rahn Hostetter and Thomas W. Sondag argued the cause for appellant. With them on the briefs were Jeffrey M. Batchelor, Lane Powell Spears Lubersky, and Mautz Baum Hostetter & O'Hanlon.

Peter A. Ozanne argued the cause for respondent. With him on the brief were J. David Coughlin, Schwabe, Williamson & Wyatt and Coughlin, Leuenberger & Moon.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant Hart Estate Investment Company (Hart) appeals from a judgment condemning its property for the use of plaintiff, Powder Valley Water Control District (District).[1] Hart assigns error to the denial of a motion to dismiss for lack of jurisdiction, ORCP 21 A(1), and the failure to find for Hart on its affirmative defenses that District's complaint failed to state ultimate facts sufficient to constitute a claim, ORCP 21 A(8), and that District's proposed use of Hart's land was unlawful.[2] We affirm.

As Hart points out in its brief, three of Hart's assignments of error were raised to the trial court only under its motion to dismiss for lack of subject matter jurisdiction, ORCP 21 A(1). Specifically, Hart argues that District failed to comply with the requirements of ORS 553.310 to ORS 553.320 and ORS 35.235 and that District had no lawful funding for the project because it had failed to obtain elector approval for a loan. ORS 35.245 provides, "an action to condemn property may be commenced in the circuit court of the county in which the property proposed to be condemned * * * is located." It is undisputed that the property subject to this condemnation action is within the county in which the action was commenced. District's alleged failure to comply

---

[1] Defendant John Hancock Mutual Life Insurance Company is not a party to this appeal.

[2] In a previous opinion, *Powder Valley Water v. Hart Estate Investment Co.*, 140 Or App 515, 915 P2d 1037 (1996), we addressed a post-judgment jurisdictional question. After the trial court had entered the judgment and while the appeal was pending, Hart moved in the trial court for relief from the judgment under ORCP 71 B, asserting that the judgment was void because it failed to require District to pay the condemnation damages into court. ORS 35.325. District conceded that the judgment was defective but argued that the defect only affected the form of the judgment. It moved to correct the judgment under ORCP 71 A. The trial court entered an order denying both motions on the erroneous ground that it lacked jurisdiction to resolve the motions while the appeal was pending. Ruling that the trial court did have jurisdiction, we vacated the judgment and remanded to the trial court to resolve the ORCP 71 B motion. Hart petitioned for attorney fees as a prevailing party, to which District objected on the ground that Hart had not yet prevailed on appeal. On our own motion, we withdrew our opinion and, by order, remanded to the trial court to rule on the ORCP 71 B motion while we held the appeal in abeyance. The trial court entered a corrected judgment, which includes the requirement that District pay damages into court, and Hart filed an amended notice of appeal. We now address the remaining assignments of error.

with statutory requirements may affect its authority to condemn, but those failures do not divest the circuit court of subject matter jurisdiction of the condemnation proceeding. ORCP 5. The trial court did not err by denying Hart's motion to dismiss for lack of jurisdiction on those grounds, and we reject these assignments of error without further discussion.

We turn now to Hart's argument that District's complaint fails to state ultimate facts sufficient to constitute a claim. For the purpose of determining whether the trial court correctly decided Hart's ORCP 21 A(8) motion, we assume that the facts pleaded are true. *Sager v. McClenden*, 296 Or 33, 672 P2d 697 (1983). In its complaint in February 1993, District sought to condemn an easement for a water pipeline across Hart's property.[3]

In its answer to District's complaint, Hart alleged in part:

"Plaintiff's allegations fail to state ultimate facts sufficient to constitute a claim." ORCP 21 A (8).

Following a stipulated facts trial to the court, Hart moved that the court rule on its defense, arguing that

"the complaint fails to state a cause of action in that the condemnation resolution contains no description of any

---

[3] In its Third Amended Complaint, District alleged:

"1.

"Plaintiff is a Water Control District organized pursuant to ORS Chapter 553. Pursuant to ORS 553.090 the District is a governmental subdivision of the state and a public body, corporate and politic, and has the power to acquire real property by condemnation. The Defendant Hart Estate Investment Company (hereinafter Hart) is the owner of certain real property located in Baker County, Oregon, more particularly described on Exhibit 'A' attached hereto and by this reference incorporated herein.
"* * * * *

"3.

"Pursuant to a resolution of its Board of Directors, the Plaintiff has declared a necessity to obtain an easement across the property described above for the purpose of installing a buried pipeline for the transportation of water. A copy of said resolution is attached, marked Exhibit 'B' and by this reference incorporated herein."

properties that are authorized by that resolution to be condemned, and that is an essential element of any condemnation action."

■■    The parties agree that the resolution does not describe the property. The complaint does contain a description of the property that is the subject of the condemnation proceeding. The issue is whether the complaint, as a matter of law, must allege a resolution that describes the property to be condemned. ORS 35.235(1) provides, in part:

> "[W]henever in the judgment of the condemner, it is necessary to acquire property for a purpose for which the condemner is authorized by law to acquire property, the condemner shall, after first declaring by resolution or ordinance such necessity and the purpose for which it is required, attempt to agree with the owner with respect to the compensation to be paid therefor, and the damages, if any, for the taking thereof."

ORS 35.255 provides:

> "The complaint shall describe the property sought to be condemned and shall allege the true value of the property sought and the damage, if any, resulting from the appropriation thereof."

■    In interpreting a statute, this court's task is to discern the intent of the legislature. To do so, our first level of inquiry is to examine the text and context of the statute and related statutes. If the legislature's intent is clear from that examination, no further inquiry is necessary. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). The parties discuss at length case law that interprets statutes that have been replaced by ORS chapter 35. The General Condemnation Procedure Act, Oregon Laws 1971, chapter 741, repealed all procedures for condemning property except the county road procedure. County road condemnation procedures were repealed by Oregon Laws 1981, chapter 153, and ORS chapter 35 is now the exclusive condemnation procedure. *State ex rel City of Eugene v. Woodrich,* 295 Or 123, 133 n 9, 665 P2d 333 (1983).

Whatever the law may have been before 1981, ORS 35.255 is clear on its face as to what allegations now must be included in a condemnation complaint. The complaint must

describe the property sought to be condemned. There is no requirement in ORS 35.255 that the complaint allege a resolution, much less a resolution that describes the property. Here, the complaint described the property sought to be condemned. Accordingly, the trial court did not err in rejecting Hart's defense in that regard.

■■ Finally, Hart assigns error to the judgment on the ground that the diversion of water proposed by District was not lawful at the time the condemnation action was commenced. Two of the properties to be served by the proposed pipeline derived their water rights from a ditch downstream from the pipeline's proposed intake. Before water may be lawfully transported through the pipeline to those properties, the owners of those lands will be required to obtain approval from the Water Resources Commission to divert their water at the District's pipeline intake rather than at the downstream ditch. Nonetheless, a public condemner need not obtain all necessary permits before *filing* a condemnation action. *ODOT v. Schrock Farms*, 140 Or App 140, 144-45, 914 P2d 1116, *rev den* 324 Or 176, 922 P2d 669 (1996).

Hart's other arguments do not require further discussion.

Affirmed.