Argued and submitted November 5, 1999, decision of Court of Appeals reversed in part and affirmed in part; order of Court of Appeals awarding attorney fees affirmed; judgment of circuit court reversed and case remanded to circuit court for further proceedings April 19, 2001

## NORTH PACIFIC INSURANCE CO.,
*Respondent on Review / Petitioner on Review,*

*v.*

## Donald J. HAMILTON
and Bonnie J. Hamilton,
husband and wife,
*Petitioners on Review / Respondents on Review.*

(CC 95-CV-0461-AB; CA A94301; SC S45393, S45493)
(Cases Consolidated for Argument and Opinion)

22 P3d 739

Bruce J. Brothers, of Brothers & Ash, Bend, argued the cause and filed the brief for petitioners on review/respondents on review.

Stephen E. Lawrence, Portland, argued the cause and filed the brief for respondent on review/petitioner on review.

Phil Goldsmith, Portland, and David Nathan Allen, of MacPherson, Gintner, Gordon & Diaz, Newport, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Durham, Kulongoski, Leeson, and Riggs, Justices.**

GILLETTE, J.

---

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case. De Muniz, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

The issue in this insurance coverage case is whether a provision in the exclusions section of a motor vehicle liability policy operates to reduce liability coverage for an injured insured below the limit provided on the declarations page of the policy. The trial court ruled that the insurance company was liable only for the reduced coverage limits, and the Court of Appeals affirmed that ruling. *North Pacific Ins. Co. v. Hamilton*, 153 Or App 332, 957 P2d 165 (1998). For the reasons that follow, we conclude that the provision at issue is ambiguous, that the ambiguity cannot be resolved and, therefore, that the provision is unenforceable. Accordingly, we reverse in part the decision of the Court of Appeals.

The facts are not in dispute. In 1994, defendant Donald Hamilton (Hamilton) was injured seriously in a single car collision. Hamilton's wife, defendant Bonnie Hamilton, was the driver of the car. At the time of the accident, Hamilton and his wife were covered as named insureds on a motor vehicle insurance policy issued by plaintiff North Pacific Insurance Company (North Pacific). The policy contained a declaration providing $60,000 in liability coverage for each accident for bodily injury and property damage, and $25,000 for personal injury protection (PIP) coverage. Hamilton's economic damages exceeded $60,000. He made a claim under the policy.

North Pacific paid Hamilton $25,000 in PIP benefits, but refused to make any payment under the liability coverage. North Pacific relied on "Exclusion 10" in the policy, which, according to North Pacific, limits the amount payable to an injured insured or to an injured member of the family of an insured to the minimum liability coverage required by ORS 806.070(2)(a) for bodily injury to one person in any one accident, *viz.*, $25,000. Moreover, as North Pacific interpreted the policy, it was entitled to offset the $25,000 already paid under the PIP provisions against the $25,000 that it conceded that it owed under the liability provisions of the policy. When the parties could not resolve their dispute, North

Pacific brought the present declaratory judgment proceeding,[1] seeking to validate its construction of the contract. The trial court ruled in North Pacific's favor on both points.

The Hamiltons appealed. The Court of Appeals summarily affirmed the trial court's ruling with respect to North Pacific's obligations under the liability provisions of the policy, *Hamilton*, 153 Or App at 336, but reversed the ruling regarding the PIP offset. *Id.* at 341. We allowed the Hamiltons' petition for review respecting the liability provisions of the policy.[2]

■ Before this court, the only issue is whether the exclusion provision on which North Pacific relies limits bodily injury liability coverage to $25,000, rather than the $60,000 limit set out in the declaration. That exclusion provides:

"EXCLUSIONS

"A.   We do not provide Liability Coverage for any person:

"* * * * *

"10.   For **bodily injury** or **property damage** to you or any **family member** to the extent that the limits of liability for this coverage exceed the limits of liability required by the Oregon financial responsibility law."

(Boldface type in original.)

---

[1] Although Hamilton made the claim against the policy, both he and his wife are named insureds on the policy and were named as defendants in this action. We hereafter refer to them collectively as "the Hamiltons."

[2] After the Hamiltons filed the petition for review in this case concerning the proper interpretation of the insurance contract, North Pacific also filed a petition for review, asking this court to review the Court of Appeals' award of attorney fees to the Hamiltons. North Pacific claimed that, before trial, it had tendered a settlement offer to the Hamiltons on the disputed liability coverage issue exactly equal to the amount obtained on appeal and, therefore, that the Court of Appeals erred in awarding them attorney fees. We consolidated the two petitions for review for purposes of oral argument and opinion. In light of our holding that the Hamiltons are entitled to liability insurance coverage in the amount provided on the declarations page of the policy, the Hamiltons' recovery will exceed the amount tendered by North Pacific. Accordingly, the position advanced by North Pacific's petition for review is not well taken. The order of the Court of Appeals awarding attorney fees is affirmed.

North Pacific has contended from the outset that the foregoing wording clearly and unambiguously limits coverage to injured insureds (and their family members) to the minimum liability coverage required for compliance with the Oregon financial responsibility law, ORS 806.060 and ORS 806.070. ORS 806.060 provides that, to meet the financial responsibility requirements of this state, a person must be able to respond in damages for liability arising out of the ownership, operation, maintenance, or use of an automobile according to a payment schedule set out in ORS 806.070. ORS 806.070, in turn, sets the minimum required level of coverage, whether by insurance, bond, or otherwise, for property damage, bodily injury, or death under various circumstances. Under ORS 806.070(2)(a), the minimum required payment of a judgment for "bodily injury to or death of one person in any one accident" is $25,000. As noted, the Court of Appeals agreed with North Pacific that Exclusion 10 in the Hamilton's policy limited bodily injury liability coverage to $25,000.

On review, the Hamiltons assert that the wording of Exclusion 10 is not direct or clear enough to accomplish the result for which North Pacific argues. They claim that the wording is (at best) ambiguous and, accordingly, must be construed against the drafter of the policy and in favor of extending coverage.

The interpretation of an insurance policy is a question of law. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469, 836 P2d 703 (1992). A court's goal in interpreting a policy is to determine the intent of the parties. *Id.*, citing *Totten v. New York Life Ins. Co.*, 298 Or 765, 770, 696 P2d 1082 (1985). Intent is determined by looking to the terms and conditions of the policy. ORS 742.016; *Hoffman*, 313 Or at 469. The policy "must be viewed by its four corners and considered as a whole." *Denton v. International Health & Life*, 270 Or 444, 449-50, 528 P2d 546 (1974). All parts and clauses of the policy "must be construed to determine if and how far one clause is modified, limited or controlled by others." *Id.* at 450.

■■ If a term of the policy is ambiguous, then the court employs a rule of construction by which the question of the meaning of the term is resolved by construing the term against the drafter of the policy, here, North Pacific. *Hoffman*, 313 Or at 470. We do not resort to that rule of construction upon a mere showing that a term in a policy is capable of more than one construction, however. As the court explained in *Hoffman*,

> "a term is ambiguous in a sense that justifies application of the rule of construction against the insurer *only* if two or more plausible interpretations of that term withstand scrutiny, *i.e.*, continue[ ] to be reasonable, after the interpretations are examined in the light of, among other things, the particular context in which the term is used in the policy and the broader context of the policy as a whole."

*Id.* If the ambiguity remains after the court has engaged in those analytical exercises, then "any reasonable doubt as to the intended meaning of such [a] term[ ] will be resolved against the insurance company and in favor of extending coverage to the insured." *Shadbolt v. Farmers Insur. Exch.*, 275 Or 407, 411, 551 P2d 478 (1976); *Hoffman*, 313 Or at 470; *cf. Joseph v. Utah Home Fire Ins. Co.*, 313 Or 323, 328, 835 P2d 885 (1992) (when term in insurance policy is ambiguous, court will interpret it according to perceived understanding of ordinary purchaser of insurance).

We note that the decision in *Hoffman* dealt with circumstances in which it could be argued that a term is ambiguous because it is capable of more than one plausible interpretation. In the present case, however, the Hamiltons do not offer their own, competing explanation of the meaning of the term at issue, Exclusion 10. Rather, they argue that Exclusion 10 is not capable of even one plausible interpretation. In support of that position, they contend that the interpretation of Exclusion 10 offered by North Pacific does not withstand scrutiny in isolation, in the context of the section in which it is found or in the context of the policy as a whole.

■ ■ This court never before has confronted a case in which a party contends that the term or phrase under review simply is not comprehensible. In *Hoffman*, for example, the

dispute focused on the meaning of an undefined term in the policy for which the insured and the insurer both offered competing, seemingly plausible, interpretations.[3] Nonetheless, we agree that a term also can be considered "ambiguous" if its meaning is not comprehensible for some reason, such as indefiniteness, erroneous usage, or form of expression.[4] In such a case, as when a term is ambiguous because it has multiple plausible meanings, the court does not permit the party who drafted the term or phrase to benefit from the obscurity. *Hoffman*, 313 Or at 470-71. Accordingly, if the court cannot clarify the obscurity by undertaking the analytical steps set out in *Hoffman*, then the court will construe the provision against the drafter. *Id.* We turn to an examination of Exclusion 10 in light of the foregoing principles.

As noted, Exclusion 10 excludes coverage for bodily injury or property damage to insureds and their family members "to the extent that the limits of liability for this coverage exceed the limits of liability required by the Oregon financial responsibility law." North Pacific claims that Exclusion 10 is a valid "family household exclusion" that is intended to avoid friendly or collusive lawsuits between family members. North Pacific claims that this court expressly held such provisions to be enforceable in *Collins v. Farmers Ins. Co.*, 312 Or 337, 822 P2d 1146 (1991).

In *Collins*, the court addressed the validity of a provision in a motor vehicle liability policy that purported absolutely and unambiguously to exclude liability coverage for injured insureds and their family members. In that case, a family member of a person insured under a policy issued by the insurer was involved in an automobile accident. The policy declaration stated that the policy limit was $100,000. The insurance company refused to pay a claim for bodily injuries,

---

[3] In *Hoffman*, this court held that, although each interpretation was plausible in isolation, the interpretation offered by the insured was implausible when viewed in the context of the insurance contract as a whole. Accordingly, the court concluded that the term was not ambiguous. *Hoffman*, 313 Or at 474-75.

[4] That approach is consistent with the standards set out in ORS 742.005 as grounds for disapproval by the Director of the Department of Consumer and Business Services of insurance forms that require approval. That section requires the Director to disapprove any form that "contains any provision * * * which is unintelligible, uncertain, ambiguous or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." ORS 742.005(2).

based on the family member exclusion contained in the policy. Nonetheless, acknowledging that Oregon law requires minimum coverage of $25,000 per person per incident, the insurer offered to settle the claim for that amount. This court held that the family member exclusion was not illegal, but that it could not be interpreted to exclude liability coverage that otherwise is required by statute to be included in all motor vehicle liability policies. 312 Or at 343. Thus, although the exclusion provision at issue was ineffective as to the first $25,000 of coverage, which was required under ORS 742.450 and ORS 806.070(2)(a), the court held that it was effective as to any coverage in excess of $25,000. *Id.*

Unlike the provision at issue in *Collins*, which was worded as a simple, absolute exclusion from coverage, Exclusion 10 operates only under certain circumstances, *viz.*, "to the extent that the limits of liability for this coverage exceed the limits of liability required by the Oregon financial responsibility law." North Pacific claims that the foregoing wording is merely an embodiment of this court's holding in *Collins*, *i.e.*, it limits the liability for coverage to injured insureds and their family members to the minimum coverage required by statute—something that the insurer believes *Collins* expressly permits. The Hamiltons respond that the wording of Exclusion 10 is too obscure to accomplish the result that North Pacific seeks. For the reasons that follow, we agree with the Hamiltons.

We begin by noting that the phrase, "limits of liability required by the Oregon financial responsibility law," does not describe any actual limit for injured insureds or their family members. Exclusion 10 directs the insured to an extrinsic source—the "Oregon financial responsibility law"—to determine the applicable limit. However, even if a policyholder were sufficiently sophisticated to consult the Oregon Revised Statutes in an effort to find the "limits of liability required by the Oregon financial responsibility law," the search would prove exceedingly difficult, if not impossible. If one looks up "Financial Responsibility" in the index, one is directed to the heading "Motor Vehicles." Under "Motor Vehicles," one finds "financial responsibility" but, under that subheading, there is no listing for "limits of liability" or either the word "limit" or "liability" alone.

In fact, if one were to read ORS chapter 806 (the chapter that commonly is referred to as the "financial responsibility law") in its entirety, one still would be hard pressed to be certain what is meant by the phrase "limits of liability required by the Oregon financial responsibility law." The $25,000 limit of liability to which North Pacific claims the policy unambiguously refers is derived from ORS 806.060(2)(a), taken together with ORS 806.070. ORS 806.060(2)(a) requires that all drivers obtain the "ability to respond in damages" by, among other things, purchasing a motor vehicle liability policy that provides "at least minimum limits necessary to pay amounts established under the payment schedule under ORS 806.070." ORS 806.070, in turn, "establishes a schedule of payments" for the purposes of "provid[ing] for payment of at least amounts necessary to cover the minimum required payments" under that section. ORS 806.070(1)(a). It further defines the "payment schedule" as the "minimum required payment of a judgment," ORS 806.070(1)(e), and provides that the "schedule of payments" includes "$25,000 because of bodily injury or death of one person in any one accident." ORS 806.070 (2)(a). Nowhere in any of those statutes can one find the phrase "limits of liability."

Viewing the exclusion in the context of the policy as a whole does nothing to clarify the meaning of that phrase. Virtually every time the phrase "limits of liability" is used in the policy, it refers to a *maximum* amount that an insurer will pay in a given situation. The phrase is used in that same sense in each instance on the declarations page of the policy that North Pacific issued to the Hamiltons. The phrase is used in that way in the body of the liability policy as well, in the sections entitled "Insuring Agreement" and "Supplemental Payments." Additionally, in the section entitled "Limit of Liability," that usage is defined explicitly:

> "The limit of liability shown in the Declarations for this coverage is *our maximum limit of liability* for all damages resulting from any one auto accident. *It is the most we will pay* * * *."

(Emphasis added.)

In Exclusion 10, the phrase "limits of liability" appears twice: coverage for bodily injury or property damage

to insureds and their family members is excluded "to the extent that the *limits of liability* for this coverage exceed the *limits of liability* required by the Oregon financial responsibility law." (Emphasis added.) In light of the way that the phrase is used elsewhere in the policy, an ordinary purchaser of insurance can be expected to understand the phrase "limits of liability" in Exclusion 10 to refer to a *maximum* limit in both instances.

The Oregon financial responsibility law, however, sets no *maximum* limits for liability.[5] It follows that, in the context of the policy as a whole and in the context of the financial responsibility law, Exclusion 10 is obscure to the point of being incomprehensible.

To summarize, Exclusion 10, on its face, is not an absolute exclusion from coverage. Indeed, North Pacific concedes that that provision actually is intended not to exclude insureds and their family members, but to set a lower limit of liability with respect to them than that provided on the declarations page. This court's decision in *Collins* establishes that an insurance company may write an insurance policy that limits coverage in that manner, but the policy in the present case does not do so.

It is the insurer's burden to draft exclusions and limitations that are clear. In this case, the ordinary purchaser of insurance would not be able to determine what Exclusion 10 means and, more particularly, would not be able to determine that it is meant to reduce the limits of liability for certain claimants below the amount that appears on the declarations page. Under such circumstances, and having used all the methods for resolving the dispute in this case, *Hoffman*, 313 Or at 470, we construe the policy against North Pacific, the party that drafted it. Under that construction, defendants are entitled to liability coverage in the amount of $60,000, the amount provided on the declarations page of the policy. The Court of Appeals erred in concluding otherwise.

---

[5] Indeed, North Pacific does not claim to the contrary. It contends that, the *second* time the phrase is used in Exclusion 10, it refers to the *minimum* coverage required under the financial responsibility law.

The decision of the Court of Appeals is reversed in part and affirmed in part; the order of the Court of Appeals awarding attorney fees is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.