Argued and submitted April 6, reversed and remanded in part; otherwise affirmed
August 29, 2001

Mikail MEDYANIKOV,
Lyubov Medyanikov, Mikail Medyanikov,
as guardian ad litem of
Dimitry Medyanikov,
Lyubov Medyanikov as guardian ad litem of
Ivan Medyanikov,
*Appellants,*

*v.*

CONTINENTAL INSURANCE COMPANY,
*Respondent.*

99C-10979; A108444

31 P3d 495

Teri Powers filed the brief for appellants Mikail Medyanikov, Lubov Medyanikov, and Ivan Medyanikov. With her on the brief was Thomas W. Nawalany for appellant Dimitry Medyanikov.

Thomas M. Christ argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiffs are insureds under an automobile insurance policy issued by defendant. They appeal from summary judgment dismissing their claims on their policy. ORCP 47 C. The trial court held that there was no coverage under the policy. We affirm in part and reverse in part.

In November 1997, defendant issued an automobile insurance policy to plaintiffs Mikail and Lyubov Medyanikov. The policy listed three covered vehicles and provided $100,000 in liability coverage, $100,000 in uninsured/underinsured motorist coverage, and $10,000 in personal injury protection coverage. In August 1998, Lyubov bought another car (a Honda), but did not immediately notify defendant of that acquisition. On September 8, 1998, plaintiff Ivan, the 16-year-old son of Mikail and Lyubov, drove the Honda off the road while his younger brother Dimitry was a passenger. Dimitry was seriously injured. Ivan and Dimitry also are insureds under the policy.

Plaintiffs submitted three claims to defendant, a claim for personal injury protection (PIP) benefits for Dimitry, a claim for underinsured motorist (UIM) benefits for Dimitry, and a claim for full liability coverage for Ivan. Defendant tendered no PIP benefits, and only $25,000 in liability coverage to Ivan because of specific exclusions in the policy. Plaintiffs filed this action in the trial court, seeking a declaration of coverage under the PIP, UIM, and liability provisions of the policy. Defendants filed two counterclaims, essentially requesting declarations of noncoverage beyond the monies tendered and also seeking summary judgment on plaintiffs' claims. The trial court granted defendant's motion for summary judgment, and plaintiffs appeal.

In their first assignment of error, plaintiffs argue that the trial court erred when it ruled that, although Dimitry is an insured[1] under the PIP coverage that provides

---

[1] "Insured" is defined in the policy, in part, as:

"The named insured *or any family member* who sustains bodily injury while:

"a. Occupying a private passenger motor vehicle; or

"b. A pedestrian struck by a motor vehicle." (Emphasis added.)

benefits to any insured who sustains bodily injury in an auto accident, that coverage is subject to an exclusion in the policy. Exclusion #5 provides that there is no PIP coverage for bodily injury:

> "Sustained by the **named insured** or any **family member** while **occupying** any **motor vehicle** * * * which is:

> "**a.**   Owned by or furnished for the regular use of the **named insured**; and

> "**b.**   Not insured for this coverage." (Boldface in original.)

Plaintiffs argue that because the Honda was owned by Lyubov, an insured, and was purchased within 30 days of the accident, the Honda should be considered a covered vehicle as a newly acquired vehicle. They point to the liability coverage provisions in the policy in support of their argument, which provide for coverage for newly acquired vehicles.[2] According to plaintiffs, when the coverage provided for in the liability provisions of the policy is compared with the omission of PIP coverage for newly acquired vehicles, the policy becomes ambiguous, thereby requiring that the ambiguity be construed in favor of the insureds. Defendant argues that no PIP benefits are owed under the policy because the Honda was not a covered vehicle.

We perceive nothing ambiguous about the exclusion for PIP coverage in plaintiffs' policy. While the liability coverage in the policy plainly provides coverage for recently acquired vehicles, the PIP coverage provisions plainly do not. Moreover, we are not aware of any statute, nor do plaintiffs cite one, that requires PIP coverage for newly acquired vehicles. Instead, ORS 742.520(2)(a)(A) expressly authorizes a

---

Family member is defined in the policy as:

> "A person related to the named insured by blood, marriage or adoption who is a resident of the named insured's household. This includes a ward or foster child."

[2] The liability provisions of the policy provide:

> "We do not provide **Personal Liability—Motor Vehicle Coverage** for:
> "* * * * *

> "The ownership, maintenance, or use of any motor vehicle other than:

> "An additional motor vehicle when you ask us to insure it within the 30 day period after you become the owner and coverage has been agreed to by us."

PIP coverage exclusion for "a motor vehicle, including a motorcycle or moped, that is owned or furnished or available for regular use by any [member of the insured's family] and that is not described in the policy." Accordingly, we reject plaintiffs' first assignment of error.

■ We address plaintiff's third assignment of error next, because the resolution of the second assignment could depend on our conclusion as to the third assignment.[3] In their third assignment, plaintiffs assign error to the court's declaration that the policy provides only $25,000 in liability coverage for Ivan. The policy on its declarations page provides $100,000 in liability coverage. However, exclusion #8 in the policy purports to limit the available liability coverage to $25,000 for injuries to members of the named insureds' family. The family member exclusion in the policy provides:

"**8.** [We do not provide coverage for] **Bodily Injury** to you or any **family member** to the extent that the limits of liability for this coverage exceed the limits of liability required by the Oregon Financial Responsibility Law." (Boldface in original.)

Initially, defendant argues that plaintiffs' third assignment of error was not preserved below. ORAP 5.45. Plaintiffs argued to the trial court that "[d]efendant should be required to provide liability coverage up to $100,000 that is the policy limit" in their written argument to the court. They also said, in part:

"In *Collins v. Farmers Insurance Co.*, 312 Or 227[, 822 P2d 1146] (1991), the court ruled that the family member exclusion excluding a family member from the liability coverage was valid, however, Oregon Financial Liability Law requires that the insurer pays $25,000.00 in liability coverage. Three judges of the court vehemently disagreed stating that majority interpretation was contrary to the public policy. Recently, the Oregon Supreme Court decided to revisit the issue and granted certiorari in *Wright v. State*

---

[3] Because the second assignment of error regarding UIM benefits for Dimitry depends on the classification of the Honda as an underinsured vehicle and requires a comparison of the coverage provided by the liability provisions and the underinsured motorist provisions, we decide first what amount of coverage is available under the liability provisions of the policy.

*Farm Mutual Auto Ins. Co.*, 152 Or App 101[, 952 P2d 73] (1998).

"The Defendant's policy in the present case violates ORS 742.450 requiring that 'Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period, and the *limits of liability*.' The Defendant's policy must conform to this statutory mandate which uses the terms 'shall state the policy limit.' Defendant's policy states a limit of $100,000 in liability coverage. Plaintiff paid and expected $100,000 in liability coverage regardless whether an injured person is a family member. Plaintiffs contracted and paid for the coverage well before they received a policy that excluded liability coverage of the family member. Defendant should not be allowed to sell the coverage and subsequently deliver a policy limiting coverage for a family member." (Emphasis in original.)

They further stated:

"Defendant denies a coverage base[d] on the exclusion in its policy that excludes from the coverage motor vehicle owned by or furnished or available for the regular use of a 'named insured.' Ex. B, p. 34. The court should disregard this exclusion as conflicting with ORS 742.502. ORS 742.502 states that uninsured motorist coverage larger than the minimum of $25,000 required by ORS 806.070 shall include underinsured coverage. The uninsured coverage shall be equal to liability coverage of the policy. Therefore, if an insured elects minimum uninsured coverage, there is no underinsured coverage. Furthermore, ORS 742.502 requires that an insured electing UM/UIM coverage electing lower than liability coverage signs a statement electing such a coverage.

"In the present case, Plaintiffs elected $100,000 coverage that was equal to liability coverage. If Defendant intended to limit Plaintiffs' underinsured coverage to zero, they should require Plaintiffs to sign the statement rather than limit the coverage by exclusion that Plaintiffs did not see nor expected at the time of signing of the declaration."

On appeal, plaintiffs argue:

"The insurance policy violates ORS 742.450 requiring that 'Every motor vehicle liability insurance policy issued for

delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefore, the policy period, and the limits of liability.' The defendant's policy must conform to this statutory language that uses the term 'shall state the policy limit.' Defendant's declaration page states a limit of $100,000 in liability coverage per person. The declaration page does not mention in dollars a lesser limit applicable to an insured's or family member's claim. Instead, the policy states in its 'family member exclusion' that the coverage for family member's bodily injury claims is limited to [the] amount required by the Oregon Financial Responsibility Law. The policy clearly does not specify a dollar amount for claims involving bodily injury of family members."

Although plaintiffs never argued specifically to the trial court that the policy's reference to the Oregon Financial Responsibility Law was ambiguous,[4] they argued generally that defendant's policy failed to comply with the requirements of ORS 742.450(1) to state unambiguously the limits of liability. In *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988), the Supreme Court stated:

"We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. * * * The first ordinarily is essential, the second less so, the third least."

Although the distinction between raising an issue and making a particular argument is often blurred, we conclude in this case that the trial court and defendant reasonably understood that plaintiffs asserted that the policy, when read as a whole, did not put them on notice that there was an exclusion that applied to the $100,000 liability coverage. In our view, plaintiffs' argument adequately advised the trial court of that issue, and they therefore preserved it for appeal. ORAP 5.45.

■ In *North Pacific Ins. Co. v. Hamilton*, 332 Or 20, 22 P3d 739 (2001),[5] the Supreme Court held similar policy language ambiguous because it failed to provide proper notice to

---

[4] The Supreme Court's decisions in *North Pacific Ins. Co. v. Hamilton*, 332 Or 20, 22 P3d 739 (2001), and *Wright v. State Farm Mut. Ins. Co.*, 332 Or 1, 22 P3d 744 (2001), had not issued when this case was argued to the trial court.

[5] *See also Wright*, 332 Or 1.

the insured that liability coverage is limited to the statutorily required minimum coverage for injured insureds and their family members. *Id.* at 27. The court reasoned that the phrase "limits of liability required by the Oregon Financial Responsibility Law" does not describe any actual limit for injured insureds or family members. The court pointed out that even if an insured consulted the Oregon Revised Statutes, one would encounter difficulty in identifying what the "Oregon Financial Responsibility Law" is. *Id.* Adding to the problem is that the policy language refers to the phrase "*limits* of liability," which implies minimum coverage limits, but uses the "limits" language to create a maximum liability amount. *Id.* at 28. Oregon law also imposes minimum coverage requirements, so the "limits of liability" language creates confusion. As a result of the ambiguity, the court in *North Pacific Ins. Co.* construed the policies against the insurer who drafted the policy and held that the insured was entitled to liability coverage in the amount provided for on the declaration pages of the policies. That holding governs the outcome of plaintiffs' third assignment of error, and under that holding, the policy language attempting to create a family member exclusion from liability coverage is unenforceable.

■  In plaintiffs' second assignment of error, they argue that the trial court erred in declaring that there was no underinsured motorist coverage available for Dimitry under defendant's policy. Under the terms of the policy, the policy limits for underinsured motorist coverage are identical to the limits for liability coverage because of our holding on the liability coverage issue.[6] Also, the policy provides that an "underinsured" vehicle "does not include any vehicle * * * [o]wned or furnished or available for the regular use of a [named insured] or any family member." The Honda is owned by Lyubov, is a covered vehicle under the recently acquired vehicle clause of the policy, and has identical liability and

---

[6] The policy defines an underinsured vehicle by reference to the vehicle's liability policy coverage. It provides, in part:

"**Underinsured Motor Vehicle** meaning a land motor vehicle or a trailer of any type to which a **bodily injury** liability bond or policy applies at the time of the **accident** but its limit for **bodily injury** liability:

"(1) Is less than the limit of liability for Uninsured/Underinsured Motorists coverage." (Boldface in original.)

underinsured motorist coverage limits. It is by definition not a covered, underinsured vehicle within the meaning of ORS 742.502(2)(a) and the policy. Consequently, the trial court did not err in granting summary judgment regarding plaintiffs' second assignment of error.

Summary judgment as to claim for liability benefits in excess of $25,000 reversed and remanded; otherwise affirmed.