**ONEBEACON INSURANCE COMPANY, Plaintiff,**

v.

**GEORGIA–PACIFIC CORPORATION, Defendant.**

No. CIV.A.03–11913 JLT.

United States District Court, D. Massachusetts.

June 14, 2005.

Lynda A. Bennett, Michael Dore, Lowenstein Sandler, PC, Roseland, NJ, Michelle Chassereau Jackson, Nutter, McClennen & Fish, Boston, MA, Martin C. Pentz, Foley Hoag LLP, Boston, MA, for Georgia–Pacific Corporation, Defendant.

Eric B Hermanson, Choate, Hall & Stewart, Boston, for Travelers Indemnity Company, Movant.

John E. Matosky, Prince, Lobel Glovsky & Tye LLP, Boston, MA, Rhonda L. Rittenberg, Joseph S. Sano, Prince, Lobel Glovsky & Tye LLP, Boston, MA, for One Beacon Insurance Company, Plaintiff.

## MEMORANDUM

TAURO, District Judge.

OneBeacon Insurance Company ("Plaintiff") seeks a declaration that the aggregate limit of the insurance policy issued to Georgia–Pacific Corporation ("Defendant") by Plaintiff's predecessor, Employers Surplus Lines Insurance Company ("ESLIC"), is $2.5 million for the three-month period of the policy. Defendant contends that the aggregate limit for the three-month policy is $10 million. Both parties have moved for partial summary judgment.

## Background

On February 8, 1967, ESLIC issued a three-year excess umbrella policy ("Policy") to Defendant, with a term from January 1, 1967 to January 1, 1970.[1] The Policy indicates that "the aggregate for each annual period during the currency of this Policy" is $10 million dollars.[2] The limit for "each occurrence" is also $10 million dollars.[3] Excluding taxes and fees, Defendant paid $10,000 for the Policy.

In April of 1967, after deciding to obtain different coverage from the Insurance Company of the State of Pennsylvania ("ICSOP"), Defendant cancelled the Policy.[4] The cancellation endorsement shows that ESLIC returned $8,700 of the premium to Defendant, and the effective date of cancellation was April 1, 1967.[5] In addition, the cancellation endorsement indicates that "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED."[6] Decades after cancelling and shortening the Policy, Defendant presented Plaintiff "with thousands of continuing occurrence asbestos products liability losses."[7]

## Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if the record reveals that there is "no genuine issue as to any material fact and ... the moving party [has demonstrated an] entitle[ment] to a judgment as a matter of law."[8] Here, both parties have conceded that the Policy's language is unambiguous and that this court "needs to go no further than the four corners of the Policy" to resolve the dispute.[9]

■ A federal court sitting in diversity applies the choice-of-law rules of the forum state.[10] "[I]n Massachusetts, the court must apply the law of the state with the 'most significant relationship' with the suit."[11] The parties have indicated that Oregon, Washington, and Massachusetts may be interested jurisdictions.[12] Yet, because the result in this case will not be

1. Def.'s Statement of Material Facts Ex. B. ("Policy") at INS0771, INS0775.

2. *See id.* at INS0772, INS0774.

3. *See id.*

4. *See* Statement of Undisputed Material Facts in Supp. of OneBeacon's Mot. for Partial Summ. J. Ex. 1 at INS0002 ("Cancellation Endorsement"); Def.'s Statement of Material Facts ¶ 15. The term of Defendant's ICSOP umbrella policy is April 1, 1967 to January 1, 1970. Def.'s Statement of Material Facts ¶ 15.

5. Cancellation Endorsement.

6. *Id.* (capitalization in original).

7. Statement of Undisputed Material Facts in Supp. of OneBeacon's Mot. for Partial Summ. J. ¶ 28.

8. Fed.R.Civ.P. 56(c). "In the lexicon of Rule 56, 'genuine' connotes that the evidence on the point is such that a reasonable jury, draw-

ing favorable inferences, could resolve the fact in the manner urged by the nonmoving party, and 'material' connotes that a contested fact has the potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the nonmovant." *Blackie v. Maine*, 75 F.3d 716, 721 (1st Cir.1996).

9. OneBeacon's Opp'n to Georgia–Pacific's Mot. to Strike at 1; Mem. Supp. Def.'s Mot. for Summ. J. at 3.

10. *Lexington Ins. Co. v. Gen. Accident Ins. Co. of Am.*, 338 F.3d 42, 46 (1st Cir.2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 491, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

11. *Brennan v. Carvel Corp.*, 929 F.2d 801, 806 (1st Cir.1991).

12. Mem. Supp. Def.'s Mot. for Summ. J. at 3–4; OneBeacon's Opp'n to Georgia–Pacific's Mot. for Summ. J. at 3 n. 3.

affected by the choice of law, this court "may simply bypass the choice." [13]

■■■ The interpretation of insurance policy language is a question of law.[14] The intent of the parties "is determined by looking to the terms and conditions of the policy."[15] The terms of the policy are afforded their plain meaning.[16] Any ambiguity is construed "against the drafter of the policy." [17]

Plaintiff argues that the $10 million aggregate coverage of the Policy should be prorated to $2.5 million to reflect Defendant's decision to cancel and limit the original one year "annual period" of the policy to three months.[18] Plaintiff insists that allowing Defendant to receive $10 million of aggregate coverage for the cancelled Policy would nullify the "annual period" language.[19] Plaintiff also asserts that prorating the aggregate coverage is consistent with the Parties' intent because Defendant replaced the remainder of the cancelled Policy with the ICSOP policy.[20] Moreover, Plaintiff contends that equity requires proration to prevent Defendant from recovering the aggregate limits for both the cancelled Policy and the ICSOP policy.[21]

■ Although Plaintiff's arguments are reasonable, the Policy's plain and unambiguous language does not support its interpretation. The Policy's language provides Defendant with $10 million of aggregate coverage "for each annual period during the currency of this Policy." [22] Defendant paid $10,000 for three annual periods of coverage from January 1, 1967 to January 1, 1970.[23] When Defendant decided to cancel and shorten the Policy, the cancellation endorsement documented the change. The Policy's original period, January 1, 1967 to January 1, 1970, was changed to January 1, 1967 to April 1, 1967.[24] Plaintiff also returned $8,700 of the premium to Defendant for the cancelled coverage.[25] Other than these changes, the cancellation endorsement indicates that "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED." [26] The Policy's $10 million aggregate coverage, therefore, remains "unchanged." Defendant, however, may only recover for occurrences within the Policy's shortened period.

This holding also avoids the internal inconsistency, which Plaintiff's interpretation would create, of having a policy with an occurrence limit of $10 million, but an aggregate limit of only $2.5 million. Like the other terms and conditions, the occurrence limit remains unchanged following Defendant's cancellation of the Policy. Plaintiff is simply being held to its contract.[27]

13. *Lexington Ins. Co.,* 338 F.3d at 46.

14. *B&T Masonry Constr. Co. v. Pub. Serv. Mut. Ins. Co.,* 382 F.3d 36, 38 (1st Cir.2004) (applying Massachusetts law).

15. *N. Pacific Ins. Co. v. Hamilton,* 332 Or. 20, 22 P.3d 739, 741 (2001).

16. *N. Pacific Ins. Co. v. Christensen,* 143 Wash.2d 43, 17 P.3d 596, 598 (2001).

17. *Hamilton,* 22 P.3d at 741.

18. Mem. Supp. OneBeacon's Mot. for Partial Summ. J. at 6–7.

19. OneBeacon's Opp'n to Georgia–Pacific's Mot. for Summ. J. at 3.

20. Mem. Supp. OneBeacon's Mot. for Partial Summ. J. at 8–9.

21. *Id.* at 10–11.

22. *See* Policy at INS0772, INS0774.

23. *Id.* at INS0771.

24. Cancellation Endorsement.

25. *Id.*

26. *Id.* (capitalization in original).

27. *See Stonewall Ins. Co. v. Nat'l Gypsum Co.,* No. 86 Civ. 9671, 1992 U.S. Dist. LEXIS 11093, at *3 (S.D.N.Y. July 22, 1992).

## Conclusion

Plaintiff's motion for partial summary judgment is DENIED. Defendant's motion for summary judgment on the limits issue is ALLOWED. The aggregate limit for the cancelled Policy is $10 million.

AN ORDER WILL ISSUE.