WAL–MART STORES, INC.,
Plaintiff–Appellant,

v.

GULF INSURANCE COMPANY; Employers Insurance of Wausau, aka Employers Insurance Company of Wausau; Certain Interested Underwriters, Members and Insurers at Lloyd's London, England Including Syndicate 318, Defendants–Appellees.

No. 05–35772.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 04, 2007.

Steven O. Rosen, Esq., The Rosen Law Firm, Portland, OR, for Plaintiff–Appellant.

R. Daniel Lindahl, Esq., John A. Bennett, Esq., Bullivant Houser Bailey, PC Pioneer Tower, Portland, OR, for Defendants–Appellees.

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

222

## MEMORANDUM**

Wal–Mart Stores, Inc., appeals the district court's grant of summary judgment in favor of Gulf Insurance Company, Certain Underwriters, Members and Insurers at Lloyd's of London, and Employers Insurance Company of Wausau (collectively "Insurers"). The district court held that an exclusionary clause of the insurance policies in question precluded Wal–Mart from collecting insurance proceeds from the Insurers. We affirm.

Under the law of the State of Oregon, which governs here,[1] the provisions that excluded coverage for "making good defective design or specifications, faulty material, or faulty workmanship" unambiguously[2] precluded Wal–Mart from recovering for repairs to the very items (concrete slabs) that were defective due to the claimed defective specifications. *See Allstate Ins. Co. v. Smith*, 929 F.2d 447, 449–50 (9th Cir.1991); *see also Allianz Ins. Co. v. Impero*, 654 F.Supp. 16, 17–18 (E.D.Wash.1986).[3]

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir.2003). Wal–Mart has waived any argument that the law of another state should apply. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 7 (9th Cir.1999).

2. Once we determine that the provision is not ambiguous as applied here, that is the end of the inquiry. *See N. Pac. Ins. Co. v. Hamilton*, 332 Or. 20, 25, 22 P.3d 739, 741–42 (2001); *Employers Ins. of Wausau, A Mut. Co. v. Tek-tronix, Inc.*, 211 Or.App. 485, 515, 156 P.3d 105, 122–23 (2007).

3. We recognize that the Supreme Court of Oregon has not yet directly decided the issue but, in our view, that court would follow our analysis, which accords with the great weight of authority. *See, e.g., GTE Corp. v. Allendale Mut. Ins. Co.*, 372 F.3d 598, 609–10, 613–14 (3d Cir.2004); *Montefiore Med. Ctr. v. Am. Prot. Ins. Co.*, 226 F.Supp.2d 470, 479 (S.D.N.Y.2002); *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So.2d 161, 166–68 (Fla. 2003), and cases cited therein.