DURHAM, J.,
specially concurring.
The central question posed by this case is whether this court should continue to recognize the unfortunate decision in Collins v. Farmers Ins. Co., 312 Or 337, 822 P2d 1146 (1991), as a precedent under the court’s doctrine of stare decisis. The majority’s answer — that Collins is “still good law,” 350 Or at 688 — should not be taken as a compliment to either the reasoning or result adopted in that case. Rather, *705 the majority concludes that defendant’s arguments for overturning Collins fall short of meeting the requirements of stare decisis.
As I explain below, I join in the majority’s conclusion, but not because defendant has made an insufficient showing that Collins was decided erroneously. The opposite is true.
The inquiry here, however, is broader than an assessment of whether Collins was wrongly decided. We must evaluate, in addition, the extent to which the Collins decision, even if erroneous, has caused parties, such as plaintiff, to rely justifiably on the rule announced in Collins to conduct their commercial transactions in a way that that case seems to permit. When viewed in that light, it appears that the Collins decision gave approval to the marketing of motor vehicle liability insurance policies that, contrary to law, explicitly eliminate all coverage for a claim by one insured against another insured under the same policy. In short, plaintiffs argument — that, in these circumstances, the policy’s minimum coverage of $25,000 for bodily injury to one person in one accident is the limit of its obligation to defendant — is supported by a prior decision of this court in a virtually identical case. Although this court correctly has declined to follow Collins in other coverage interpretation disputes, as discussed below, the societal interest in the stability of commercial transactions that the doctrine of stare decisis protects is especially strong when this court’s precedent already has accepted, in an identical dispute, plaintiffs request to partially enforce its absolute exemption.
Collins was a 4-to-3 decision in this court. Justice Unis authored a lengthy dissenting opinion, which Justices Van Hoomissen and Fadeley joined. I will not repeat all the points registered in the dissent. To be candid, it does not appear to this writer that the majority and dissenting opinions succeeded in addressing the same issues.
According to the Collins majority, the issue in that case was whether a motor vehicle liability policy afforded the statutorily required minimum coverage of $25,000 for a claim by one insured party against another insured party under the *706 same policy, even though the policy contained an express exclusion of any coverage for that kind of claim.[1] The plaintiff argued that the exclusion in the policy was unenforceable because it violated the pertinent state statute, ORS 742.450, in two respects.
First, ORS 742.450(2) required the policy to “contain an agreement or indorsement stating that, as respects bodily injury and death or property damage, or both, the insurance provides * * * [t]he coverage described in ORS * * * 806.080 [i.e., $25,000 because of bodily injury to or death of one person in any one accident].” The plaintiff pointed out that the policy in question failed to contain the required agreement; rather, it expressly excluded coverage for that kind of claim when state law required the insurer to expressly cover that kind of claim.
Second, ORS 742.450(1) provided:
“Every motor vehicle liability insurance policy issued for delivery in this state shall state * * * the coverage afforded by the policy, * * * and the limits of liability.”
According to the plaintiff, the insurer’s statutory obligation to state the coverage and the limits of liability afforded by the policy in the policy itself protected the interest of the insurance-consuming public in allowing policyholders to *707 determine their policy’s coverage, as well as exclusions and exceptions to that coverage, from the face of the policy and, thus, obviate the need to research insurance statutes to determine the extent of any coverage.
The Collins majority began by acknowledging only one aspect of ORS 742.450 on which the plaintiff relied: the duty under subsection (2) to provide coverage in the amounts required by the statute. 312 Or at 340. The Collins majority then stated that the “only question before us concerns the effect of exclusion 11(a). Is the exclusion to be disregarded only as to the amount of the minimum liability coverage required by ORS 742.450 (and ORS 806.080)? Or is the exclusion to be disregarded totally?” Id. at 341. The Collins majority proceeded to effectively reform the terms of the absolute exclusion in the policy. In revising the policy’s absolute exclusion in that manner, the Collins majority disregarded this court’s long-standing rule that the court will enforce the policy’s lawful terms as written and will not attempt to rewrite them, to suit one party’s preferences, through the guise of interpreting the policy. See Sitzman v. John Hancock Mut. Life, 268 Or 625, 632, 522 P2d 872 (1974) (“we cannot rewrite the insurance policy or construe the same beyond its clear language”). It concluded that the exclusion was not effective as to the first $25,000 of coverage but was effective as to all coverage above that statutorily required amount. Collins, 312 Or at 347.
The Collins majority never considered, much less interpreted, subsection (1) of ORS 742.450, on which both the plaintiff and the dissent relied. Consequently, the Collins majority never evaluated whether its theory of partial enforcement of the policy’s absolute exclusion still left the policy in violation of state law because the policy sold to the plaintiff failed to state the coverage and limits of liability, as ORS 742.450(1) required.
The Collins majority found support for its theory in ORS 742.464, which provides:
“Any policy which grants the coverage required for a motor vehicle liability insurance policy under ORS 742.450, 806.080 and 806.270 may also grant any lawful coverage in excess of or in addition to the required coverage, and such *708 excess or additional coverage shall not be subject to the provisions of ORS 742.031, 742.400 and 742.450 to 742.464. With respect to a policy which grants such excess or additional coverage only that part of the coverage which is required by ORS 806.080 and 806.270 is subject to the requirements of those sections.”
The Collins majority’s reliance on that statute fails to support the ultimate answer given in Collins. That is because the governing statute, ORS 742.450(1) and (2), imposed two significant requirements, not one, on insurers that marketed motor vehicle liability insurance policies in this state. Those requirements, as noted above, required the delivered policy (1) to state the policy’s coverage and limits of liability, and (2) to contain an agreement providing (among other things) the $25,000 minimum coverage. The Collins majority asserted that ORS 742.464 permitted the majority to read into the defendant’s policy a provision granting the minimum coverage of $25,000 required by ORS 742.450(2) and ORS 806.080 (even though, obviously, the policy explicitly excluded that coverage). 312 Or at 342-43. That approach, however, utterly fails to address, and clearly does not satisfy, the equally important requirement in ORS 742.450(1) that the policy must state the coverage that it affords and the limits of liability that apply, including statutorily required minimum coverage. The Collins majority gave not a word of explanation about how a policy that explicitly denied any coverage for insured-versus-insured claims nonetheless could satisfy the obligation to state expressly in the policy that it granted the statutory minimum coverage for those claims.
As a result of the theory that the Collins majority adopted in the context of insured-versus-insured claims, the insurance-consuming public lost the assurance that the legislature sought to provide in ORS 742.450(1) and (2) — that every motor vehicle liability insurance policy will contain an agreement providing the statutorily mandated coverage and that the policy will state the coverage and limits of liability in its text. The Collins decision leaves consumers at a serious disadvantage, despite the legislature’s effort to protect them in those circumstances.[2] If policyholders read their insurance *709 policies, they will learn only that their insurer has completely excluded any coverage of an insured-versus-insured claim, even though state law requires the insurer to provide minimum coverage of $25,000 for such a claim. The predictable effect of that circumstance is that policyholders will not request coverage, which state law requires insurers to provide, on insured-versus-insured claims.
This court has declined to extend the rationale of Collins in later cases that also involved broad policy exclusions and the minimum coverage requirement of the Financial Responsibility Law (FRL), ORS 806.060, and ORS 806.070. In North Pacific Ins. Co. v. Hamilton, 332 Or 20, 23, 22 P3d 739 (2001), the insurer sought to obtain the benefit of the Collins rationale by drafting its motor vehicle liability insurance exclusion, “Exclusion 10,” which excluded claims by one insured family member against another insured, to apply “to the extent that the limits of liability for this coverage exceed the limits of liability required by the Oregon financial responsibility law.” The Hamiltons, husband and wife, were policyholders and named insureds. The husband was injured in an automobile accident; the wife was the driver of the car. The policy provided for $60,000 of coverage for each accident for bodily injury, and the husband requested that coverage. The insurer refused, contending that Exclusion 10 limited any bodily injury claim by one insured family member against another under the same policy to the statutory minimum coverage of $25,000. The insurer argued that the wording of Exclusion 10 was intended to embody the holding in Collins by confining any insured family member claim to the minimum $25,000 coverage provided by statute.
The court in North Pacific adopted a markedly different analysis than that used in Collins. Unlike in Collins, *710 the North Pacific court focused on whether the insurer had clearly phrased Exclusion 10. The court concluded that the exclusion was ambiguous and, thus, unenforceable, stating:
“This court’s decision in Collins establishes that an insurance company may write an insurance policy that limits coverage in that manner, but the policy in the present case does not do so.”
Id. at 29. The court held that, because Exclusion 10 was ambiguous and unenforceable, the insured husband was entitled to liability coverage in the amount of $60,000, as provided by the policy for bodily injury claims generally. Id.
The North Pacific court’s description of Collins as a case pertaining to insurer authority to limit insured-versus-insured claims by the device of an exclusion is not fully accurate. Rather, Collins addressed only the legal effect of the exclusion in that case. 312 Or at 341. The Collins court concluded that “any lawful exclusion” could limit “coverage other than that required by law[,]” with the consequence being that the exclusion in Collins was not effective as to the first $25,000 of coverage but was effective as to any coverage above $25,000. Id. at 343.
If the North Pacific court had had any continuing confidence in the correctness of Collins, it easily could have held that Exclusion 10, at a minimum, was a lawful, even if ambiguous, exclusion and that its inartful reference to the “limits of liability for this coverage” did not obscure its exclusion of coverage exceeding that “required by the Oregon financial responsibility law.” North Pacific, 332 Or at 23.
Instead, unlike in Collins, the North Pacific court voiced a concern that the ordinary purchaser of insurance would be unable to understand the scope of Exclusion 10. The North Pacific court concluded that Exclusion 10 was distinguishable from the exclusion in Collins, because Exclusion 10 was so confusing that it failed to confine the insurer’s exposure to the $25,000 coverage required by statute. Id. at 29.
The court’s effort in North Pacific to distinguish Collins leaves a curious state of affairs in the law. Under Collins, if the insurer uses clear wording and expressly excludes any coverage for insured-versus-insured claims, *711 even though the law requires $25,000 in minimum coverage for such claims, the court will partially enforce the exclusion and confine the coverage to the $25,000 statutory minimum coverage. However, under North Pacific, if the insurer’s exclusion does not directly contradict the statutorily mandated minimum coverage requirement, and merely expresses an exclusion of coverage above statutory minimum amounts with some ambiguity, the court will not enforce the exclusion at all and will permit the insured claimant to recover coverage up to the limit stated on the declaration page for claims of bodily injury.
The court sought to explain the basis for that distinction in Wright v. State Farm Mutual Auto. Ins. Co., 332 Or 1, 22 P3d 744 (2001), which the court decided on the same date as North Pacific. In Wright, the automobile insurer asserted that its policy excluded coverage for claims of bodily injury to insured family members. The wording of the policy exclusion was similar to that examined in North Pacific. The policy provided that it excluded any coverage for claims of bodily injury to the insured or “any other insured or member of an insured’s family residing in the insured’s household^] to the extent the limits of liability of this policy exceed the limits of the liability required by law.” Id at 6. Relying on that exemption, the insurer refused to pay any amount above the minimum $25,000 coverage required by statute for the death of the insured plaintiffs’ son, who was killed in a collision in his parent’s vehicle. The insurer argued that, because the son resided in the plaintiffs’ household, Collins required the court to construe the policy to exclude coverage “to the extent that” it exceeded $25,000. Id.
This court followed North Pacific in concluding that the exemption was unenforceable, and the reasoning that the court relied on is pertinent to our discussion of Collins:
“We held in North Pacific that the wording of the foregoing exclusion was ambiguous because it failed to provide proper notice to the insured that liability coverage under the policy is limited to the statutorily required minimum coverage for injured insureds and their family members. Id. at 29. We construed the provision against the insurer, the party who drafted the policy. Under that construction, we held that the insured was entitled to liability coverage in the *712 amount provided on the declarations page of the policy. Id. at 29.
“The wording of the exclusion in the automobile policy in the present case is as obtuse, if not more so, than the wording that we construed in North Pacific. The reference in the exclusion to The limits of liability required by law’ does not inform a policyholder what limit, if any, is applicable in a given situation and does not even direct the policyholder to a particular body of law to find out what that limit is.[3] Resort to the context in which the phrase is used in the exclusion, as well as to other provisions of the policy, does not clarify the matter. The exclusion remains inherently ambiguous, if not incomprehensible. As we did in North Pacific, we hold that the exclusion in the automobile policy is unenforceable.”
Wright, 332 Or at 7-8 (emphasis added).
According to North Pacific and Wright, the disposi-tive problem with the exemptions in those cases was that they failed to clearly notify the insured that the policy limited coverage to injured insureds and the insured’s family members to the statutorily required minimum coverage. That reasoning is sound, but it came too late to change the incorrect reasoning applied in Collins. That is, if the court was not willing to enforce the exclusions in North Pacific and Wright, where the insurer had attempted to limit claims by injured insureds but stumbled in that effort due to ambiguous phrasing, certainly the court should not have been willing to enforce the exemption in Collins, where the exemption unambiguously and incorrectly stated that the policy afforded no coverage at all for claims by injured insureds. In both circumstances, the policy wording “failed to provide proper notice to the insured that liability coverage under the policy is limited to the statutorily required minimum coverage[,]” Wright, 332 Or at 7, and, accordingly, the result in each of the cases should have been the same.
*713 Despite the virtually identical failure of notice to policyholders in Collins, North Pacific, and Wright, this court chose not to overrule Collins in North Pacific and Wright but to distinguish Collins instead. It was not essential to nullify Collins to reach a correct answer in North Pacific and Wright. But we still must decide whether Collins has continuing prec-edential force in this case, where the policy exemption is on all fours with that examined in Collins.
The record indicates that, after Collins came down, plaintiff and other insurers rewrote the pertinent exclusion for insured-versus-insured claims in their automobile liability policies to incorporate exemptions similar or identical to those later examined in North Pacific and Wright. After North Pacific and Wright declared that the revised exemptions were ambiguous and ineffectual, because they failed to give notice to policyholders that the policies limited coverage to $25,000, plaintiff again responded by rewriting its exclusion to return to the absolute phrasing of the policy exemption addressed in Collins.
The motivation for that revision is clear and is not seriously questioned by defendant. By that tactic, plaintiff sought to claim that the revised exemption was enforceable against any insured-versus-insured claim beyond the minimum coverage of $25,000 required by state law, as Collins had held. Because this court had distinguished, not overruled, Collins in North Pacific and Wright, plaintiff had no incentive to eliminate the ambiguity in wording noted in North Pacific and Wright, and to give “proper notice to the insured” as Wright put it, 332 Or at 7, so that the exemption would satisfy ORS 742.450(1) and (2) by stating accurately the policy’s coverage and limits of liability.
As the majority indicates, this court considers a number of factors in deciding whether to follow or to overrule a prior decision of this court. This court’s disagreement with the result reached in a prior case ordinarily is not an adequate justification for overturning the prior decision.
Collins was an incorrect decision, in my view, because, as discussed above, the court disregarded important parts of the pertinent statutory text and reached a result that *714 contradicts the legislature’s intent to require insurers to state a policy’s coverage and limits on liability in the text of the policy itself. The court effectively rewrote the policy exclusion, contrary to the court’s ordinary interpretive methodology. The policy text gave no notice to policyholders that the coverage, as rewritten by the court, was limited to the $25,000 statutory minimum coverage. Those defects justify the conclusion that Collins was wrong when this court decided it.
Other factors, however, also must be considered. Here, the record shows that plaintiff relied on Collins in redrafting its automobile liability policy exemption and in marketing its automobile liability policies. In fact, plaintiff restored to its exemption the exact wording that this court had addressed in Collins. Under that circumstance, a decision in this case to overrule Collins would upset the reasonable expectations of plaintiff and, presumably, other insurers about the case law that governs the interpretation of the exemption under review.
We also consider other factors. The legislature has not modified the legislative or administrative scheme surrounding the exemption in question in a way that might justify a reconsideration of Collins by this court.[4] Collins, decided by this court in 1991, is neither a particularly old nor a particularly new opinion. Finally, because Collins construed the terms of an automobile liability policy, that decision likely affected a substantial number of commercial transactions in that form of insurance, as well as the decision-making of governmental agencies and administrative policymakers who oversee the regulation of the automobile insurance market in Oregon.[5]
*715 In my view, this is a circumstance in which the need for stability and predictability in the automobile insurance industry, as well as the evidence of plaintiffs reliance on the ruling, support adherence to Collins under the stare decisis doctrine, even though Collins was wrongly decided. But I also urge the legislature to consider the problems surrounding Collins, particularly the failure of that decision to heed the legislature’s efforts to assure that policyholders will receive reasonable notice, in the text of their policies, if the policy confines its coverage of insured-versus-insured claims to the minimum statutory coverage.
For the reasons stated above, I specially concur in the majority’s decision.
De Muniz, C. J., and Walters, J., join in this opinion.

 The Collins majority stated:
“Under Oregon law, every motor vehicle liability insurance policy issued for delivery in Oregon must, at the least, provide coverage in the amounts required by statute. ORS 742.450.[1]”
312 Or at 340 (text of footnote omitted). In the footnote, the Collins majority opinion set out the text of the pertinent provisions of ORS 742.450, including subsections (1) and (2), and ORS 806.080. However, the court’s sentence, quoted above, which purported to summarize what ORS 742.450 required “at the least,” in fact distorted the text of that statute against the position of the insured. Id. As I explain, ORS 742.450 obligates the insurer to do more than “provide coverage in the amounts required by statute!,]” as Collins stated. Id. Subsections (1) and (2) both obligate the insurer, in issuing a motor vehicle liability insurance policy, to include in the policy an agreement that states the coverage that the policy provides. The Collins court should have addressed whether the insurer could satisfy those aspects of subsections (1) and (2) by seeking a partial enforcement of its absolute policy exclusion. But the Collins majority opinion never addressed those matters, in part because the court improperly narrowed the issue under ORS 742.450, asking only whether the policy “provide[d] coverage in the amounts required by statute.” Id. (emphasis added). Thus, I do not agree that Collins considered but rejected the arguments that defendant raises here.

 For many decades, the Oregon legislature has required insurers to state in their motor vehicle liability policies the coverage that the policy affords and the limits of liability under the policy. See, e.g., ORS 486.540 (1953), which provided:
*709 “Every motor vehicle liability policy shall state * * * the coverage afforded by the policy * * * and the limits of liability, and shall contain an agreement or indorsement which provides that the insurance is provided thereunder in accordance with the coverage defined in this chapter as respects bodily injury and death or property damage, or both, and is subject to all the provisions of this chapter.”
The legislature consistently has retained those substantive statutory requirements although it has renumbered that statute several times during the intervening years. Those requirements now appear in ORS 742.450. It seems safe to say that the statutory rule that Collins modified was well-established Oregon law.

 The court’s comment in Wright that the exemption under review “does not even direct the policyholder to a particular body of law to find out what that limit is” is dictum.. 332 Or at 8. It is at least doubtful whether a policy would comply with the obligation in ORS 742.450(1) to state the policy’s coverage and limits of liability by, for example, referring the policyholder to limits on coverage in the FRL without stating those limits in the policy.

 The unchanged character of the legislative and administrative scheme since Collins was decided is not the same thing as so-called “legislative acquiescence.” I do not rely at all on the latter, because the absence of an intervening legislative change does not signify legislative satisfaction with any court decision.

 The record contains little information about the purported justification for an exclusion of coverage of insured-versus-insured claims from automobile liability policies. Defendant suggests that the exclusion is aimed at eliminating fraudulent claims. Certainly that is a proper goal. However, the exclusion paradoxically denies coverage for all claims, not only for fraudulent ones, despite the existence of ample evidence and good faith to support a claim by an injured insured and the *715 existence of other effective means whereby an insurer can protect itself against a false or fraudulent claim. Those are questions that are properly addressed by the legislature.