NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MID-CENTURY INSURANCE
COMPANY,

Plaintiff-Appellee,

v.

KURT CARPENTER, Personal
Representative of the Estate of Kelsey
Beaber; HOLLY BEABER-CARPENTER,
as guardian ad litem for A.A.,

Defendants-Appellants.

No. 23-2599

D.C. No. 6:21-cv-1754-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael McShane, District Judge, Presiding

Argued and Submitted October 25, 2024
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Kurt Carpenter ("Carpenter") appeals the district court's order granting

summary judgment to Mid-Century Insurance Company ("Mid-Century"). This

court reviews de novo a district court's decision granting summary judgment. *See*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In 2020, Kelsey Beaber was involved in a car accident with a vehicle owned by Car Care and driven by Lukeus West, a customer of Car Care with a private auto insurance policy. The vehicle West was driving was covered by a commercial auto liability insurance issued by Mid-Century. The Mid-Century policy covered permissive users, but it had an exclusion for customers of the named insured (Car Care) who had their own auto liability insurance policies, provided those policies met or exceeded the minimum limits set by the Oregon Financial Responsibility Laws ("FRL"). This meant that West was excluded from coverage under the terms of the Mid-Century policy, since his auto liability insurance provided bodily injury liability limits of $25,000 per person—the minimum limit of the FRL. Or. Rev. Stat. § 806.080; 806.070.

But Oregon law requires that every motor vehicle liability policy issued in Oregon—including Mid-Century's—must provide at least the minimum coverage required by the FRL. *See* Or. Rev. Stat. § 806.080(1). Mid-Century and Carpenter, the personal representative of the Estate of Kelsey Beaber, dispute whether the unlawful exclusion in Mid-Century's policy should be reformed by operation of law to bring it into compliance with the FRL, or whether the exclusion should be regarded as void in its entirety.

23-2599

The district court did not err in concluding that, because Mid-Century's commercial auto liability policy unambiguously excluded permissive user coverage for the customers of its named insurer who had their own insurance, the policy must be reformed to provide permissive user coverage in the minimum amount required by the Oregon FRL. In analyzing this issue, the views of the Oregon Supreme Court are binding with respect to Oregon law. *See, e.g.*, *Wainwright v. Goode*, 464 U.S. 78, 84 (1983) ("[T]he views of the state's highest court with respect to state law are binding on the federal courts.").

The Oregon Supreme Court's decision in *Collins v. Farmers Ins. Co.*, 822 P.2d 1146 (1991), controls this case. The court there explained that an unambiguous exclusion in a motor vehicle liability insurance policy that violates the FRL is unenforceable only "to the extent" that it eliminates the coverage required by the FRL. *Id.* at 1147. Such an exclusion thus remains fully enforceable with respect to coverage that is not required by the FRL. *See, e.g.*, *Safeco Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 9 P.2d 749, 754–55 (2000). Based on controlling precedent, the district court properly granted summary judgment in favor of Mid-Century and determined that the policy should be reformed by operation of law to include the minimum limits required by the FRL.

Carpenter argues that *Collins* does not control this case because, unlike the policy at issue here, the policy at issue in *Collins* also contained a provision stating

that policy terms that conflicted with Oregon law were amended to conform to such laws. But this argument was already considered and rejected by the Oregon Supreme Court. *See Farmers Ins. Co. v. Mowry*, 261 P.3d 1, n.2 (2011) ("[T]he policy in *Collins* included a provision that '[p]olicy terms which conflict with laws of Oregon are hereby amended to conform to such laws.' The court, however, noted that that provision is merely an embodiment of ORS 742.038(2).") (citation omitted).

Carpenter also argues that the Mid-Century policy is ambiguous, and it therefore falls within Oregon precedent that allows for the wholesale voiding of ambiguous policies. *See N. Pac. Ins. Co. v. Hamilton*, 22 P.3d 739, 743–44 (2001); *Wright v. State Farm Mut. Auto. Ins. Co.*, 22 P.3d 744, 751–52 (2001). But the exclusion in the Mid-Century policy is not ambiguous akin to the policies at issue in *Hamilton* and *Wright*. Carpenter cites the policy's reference to "minimum limits specified by the Oregon financial responsibility law" as an example of the alleged ambiguity. But that language is immediately followed by an explanation of what the minimum limit is depending on whether the policy's coverage cap is one lump sum for the accident, or whether the coverage is split up by bodily injury and property damage. "[A]n ordinary purchaser of insurance would … be able to determine" what the language of the policy means, and therefore Oregon's ambiguity precedents do not apply. *Hamilton*, 22 P.3d at 743–44.

The district court's judgment is **AFFIRMED.**